John P. **PARRISH** and Frances S.
Parrish, Appellants,

v.

**UNITED STATES** of America, James P.
Boyle, Benjamin I. Sondac, A. Jackson
Barden, Jr., and Kenneth E. McElroy,
Appellees.

**No. 10905.**

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1967.

Decided April 19, 1967.

Frank W. Hardy, Richmond, Va. (Williams, Mullen & Christian, Richmond, Va., on brief), for appellants.

John M. Brant, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, on brief), for appellees.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM.

Injunction and suppression of the use by defendants, the United States and named Internal Revenue Service agents, of information which allegedly they had deceitfully obtained from him, were sought by John P. Parrish and his wife in the District Court. The suit was dismissed on motion of the defendants, and the plaintiffs appeal. We hold the order unappealable.

In September 1964, the complaint charges, Internal Revenue agents while pretending to audit the Parrish income tax returns for 1961, 1962 and 1963, to ascertain the correct civil tax liability, were in truth making an investigation of the taxpayers and their records "for the sole purpose of determining whether * * * [the taxpayers], jointly or severally, were guilty of any act or acts for which they could be criminally prosecuted". It further charges that by misleading the plaintiffs in this manner, the defendants obtained documentary evidence as well as oral statements from the taxpayers "which could be used against plaintiffs in a criminal prosecution" and "which they could not have obtained legally". This conduct was denounced as infringing the taxpayers' "Constitutional rights which are protected by the fourth, fifth and sixth amendments".

Plaintiffs' action was predicated on "the equity powers of the Court and under Rule 44(e) [41(e) was apparently in-

tended] of the Rules of Criminal Procedure". The injunction and suppression were asked in these words:

"WHEREFORE, it is prayed that:

"1. The Court enjoin defendants from presenting the evidence or any part thereof which it has obtained to a Grand Jury.

"2. The Court enjoin defendants from presenting the evidence to a Commissioner for the purpose of having criminal information issued.

"3. The Court suppress all of the evidence obtained by defendants whether it be documentary or in the form of oral admissions and statements made by Plaintiffs.

"4. The Court enjoin defendants from using any of the evidence obtained in any way.

"5. The Court order all copies of Plaintiffs' books and records and summaries and compilations thereof, be destroyed."

Purportedly supporting affidavits accompanying the complaint also accused the defendants of unwarrantably microfilming and otherwise copying the "plaintiffs' books and records". The originals of these papers were returned by the defendants, but the plaintiffs' concern is the inimical use in the future of the information gained from the copies, as well as from the oral statements elicited during the investigation. At the time of the institution and decision of the suit no indictment had been obtained or other move made toward prosecution.

■ Over the defendants' opposition, the District Court took jurisdiction of the action. In this it was relying upon our recognition, in Austin v. United States, 353 F.2d 512 (4 Cir. 1962), of such jurisdiction, albeit discretionary. In that decision we were, on word of DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), recalling the mandate of Austin v. United States, 297 F.2d 356 (4 Cir. 1961). There we had reversed a trial court's denial of a petition for pre-indictment re-

lief. Presently, in the end, the District Court dismissed on the face of the pleadings, concluding: (a) that the plaintiffs had an adequate remedy at law by motion under F.R.Crim.P. 41(e) to suppress; (b) that the "plaintiffs have not alleged, or tendered in their affidavits, facts showing a clear deprivation of their constitutional rights"; and (c) that "the plaintiffs' bill lacks equity. The plaintiffs seek to suppress the evidence so that an indictment cannot be returned against them. This does not justify relief in equity or under Rule 41(e)", citing United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966). The denial was declared to be "without prejudice to their right to renew it if they or either of them are indicted".

In the briefs and oral argument here, we are told that since the dismissal of the action (July 22, 1966), Parrish has been indicted in two separate cases (September 1966), and convicted on one of them. We have now learned that he was acquitted on the other. The indictments did not relate to taxes but charged the use of interstate commerce facilities in an unlawful activity—bribery of State officers—contrary to 18 U.S.C. § 1952. A witness before the grand jury was one of the Internal Revenue agents who is a defendant here. In those cases Parrish moved for suppression, as he does now. In the case of his conviction, we are told, the motion was granted in part, with a ruling on the remainder reserved.

■ The first error assigned on this appeal is the refusal of the District Judge to require the defendants to answer and to hear the case on evidence instead of on the motion to dismiss. The second assignment is that since the allegations of the complaint, as verified, were untraversed the relief prayed was justified and due. But we do not reach these contentions, for the right or wrong of the order in the District Court is not reviewable.

In DiBella v. United States, supra, 369 U.S. 121, 82 S.Ct. 654, a ruling of this kind under F.R.Crim.P. 41(e) was held

unappealable. Although the present complaint is also pitched on equitable jurisdiction, apart from Rule 41(e), we believe the reasoning of *DiBella* forecloses review here even as an appeal from a decree denying an injunction under 28 U.S.C. 1292. Austin v. United States, supra, 353 F.2d 512 (on recall of mandate). The basis of *DiBella* is that the assailed ruling was " 'but a step in the criminal case preliminary to the trial thereof.' Cogen v. United States, 278 U.S. 221, 227, 49 S.Ct. 118, 73 L.Ed. 275". Further, the Court said, p. 133, 82 S.Ct. p. 661, "We think it accords most satisfactorily with sound administration of the Rules to treat such rulings as interlocutory." These considerations are apposite and govern here.

■ But the appellants distinguish *DiBella* upon the ground that the Court there conceded, pp. 131–132, 82 S.Ct. p. 660, that an independent action, seemingly with appeal, would lie if it were "solely for return of property and is in no way tied to a criminal prosecution *in esse* against the * * * [plaintiff]." Assuming, as the appellants contend, that what they seek to recover here is "property" and at the time of the decision below there was no prosecution afoot, they were then apparently beyond the constriction of *DiBella*. Cf. Goodman v. United States, 369 F.2d 166 (9 Cir. 1966). However, we know now that prosecutions followed very shortly, with one still alive. We think we may and should consider these subsequent events in passing upon the case presently. The result is to leave the appellant—John P. Parrish—to submit his claims to the courts having the criminal prosecution in charge. His wife was not indicted, but we think her interest will be fully presented, considered and determined in the procedure we have here outlined, and indeed already pursued by her husband.

Our dismissal of this appeal will, of course, be without prejudice to the reassertion of the same contentions in the criminal case.

Appeal dismissed.

BOREMAN, Circuit Judge (concurring specially).

I concur in the result reached by the majority but I do not agree that we should consider events which occurred subsequent to the decision below in considering and determining the appealability of the judgment of the district court.

Involved in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, were claims asserted under F.R.Crim. P. 41(e). I agree that, although the complaint in the instant case is "also pitched on equitable jurisdiction, apart from Rule 41(e), we believe the reasoning of *DiBella* forecloses review here even as an appeal from a decree denying an injunction under 28 U.S.C. 1292." *DiBella,* however, suggests an exception with respect to an independent action *solely for return of property* and which is in no way tied to a criminal prosecution *in esse.*

It is the long-established general rule (with exceptions not pertinent here) that appellate courts take questions raised on appeal as they existed below without considering subsequently occurring events. It is perfectly obvious from the complaint that this proceeding was not *solely for the return of property* as suggested by *DiBella.* The plaintiffs were seeking to enjoin and suppress the use, for purposes of indictment, prosecution or in any way, of any and all evidence obtained by the defendants, not only in documentary form but also knowledge and information gained by the defendants from oral admissions and statements made by plaintiffs during the course of interviews and interrogations. The fifth item in the prayer for relief did not seek the *return* of property but only the *destruction* of copies of plaintiffs' books and records and summaries and compilations thereof. If the plaintiffs had followed the suggested exception in *DiBella* as to an independent action solely for the return of property where no criminal proceeding was then afoot they conceivably could have sought the return of property through the use of a mandatory injunction. But in the in-

stant case they sought relief far beyond that which would be afforded solely by the return of property.

The indictments obtained and criminal proceedings prosecuted subsequent to the entry of the judgment of the district court are not in any way pertinent to the principal question here presented, i. e., the appealability of the judgment below. I would dispose of the case on the record as it came to us on appeal.