**John J. COURY, Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 19942.**

United States Court of Appeals,
Sixth Circuit.

June 3, 1970.

Robert A. Bell, Columbus, Ohio, for appellant.

Byron E. Trapp, Dept. of Justice, Crim. Div., Washington, D. C., for appellee; Will Wilson, Asst. Atty. Gen., Dept. of Justice, Crim. Div., Washington, D. C., Robert D. Gary, Atty., Dept. of Justice, Cleveland, Ohio, on the brief; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, of counsel; William W. Milligan, U. S. Atty., Alvin J. McKenna, Asst. U. S. Atty., Columbus, Ohio, on appendix.

Before CELEBREZZE and COMBS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

COMBS, Circuit Judge.

Appellant's home and person were searched and certain property was seized by Special Agents of the Federal Bureau of Investigation pursuant to warrants issued by a United States Commissioner. The property taken included lists of telephone numbers and other paraphernalia usually associated with a bookmaking operation.

Appellant has not been charged with a crime as a result of this search. Less than a month after the search, appellant filed a motion in the district court seeking to quash the two search warrants, to suppress the use of the property as evidence against him, and to have it returned to him. The district court examined the commissioner's finding of probable cause for issuance of the warrants in light of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and denied the motion.

The government argues that this appeal is premature since denial of a pre-indictment motion to suppress is not a final order. As to that part of the motion requesting the suppression of evidence, the government is correct. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Hill v. United States, 346 F.2d 175, 178 (9th Cir. 1965), cert. denied, 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965). See also Benes v. Canary, 224 F.2d 470, 472 (6th Cir. 1955). However, since no criminal charges have been filed against appellant, the motion to return the seized property is an independent proceeding from which an appeal may be taken. *DiBella*, supra, at 131–132, 82 S.Ct. 654.

Appellant attacks the search warrants on three grounds: (1) they were issued on "ancient" information; (2) all the information submitted to the commissioner was not written before him under oath; and (3) the standards of probable cause as set forth in *Spinelli* were not met.

We find that the allegations contained in the affidavits were based on information sufficiently current to authorize issuance of the warrants. The affidavit of Special Agent Thomas was dated December 31, 1968, the same day the search was conducted. The affidavits of Special Agents Spears and Bishop were dated December 16 and December 24, 1968. The information contained in these affidavits had been obtained during a pending investigation. It was not ancient. The Thomas affidavit incorporated by reference an attached statement which he had previously written. This statement recited facts within the agent's knowledge upon which he based his belief that appellant was engaged in illegal conspiratorial activity. It was properly before the commissioner. Thomas also had the right to incorporate into his affidavit the sworn statements of Spears and Bishop. As the Supreme Court stated in United States v. Ventresca, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684 (1965):

"Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis

for a warrant applied for by one of their number."

 The commissioner's finding of probable cause was based on the three affidavits and the statement of Special Agent Thomas. The Thomas statement specifically set forth the underlying circumstances supporting his affidavit. Among other things, it described his background as investigator of interstate gambling activities and stated that he had personally conducted an investigation of appellant, including surveillance of his home; that he knew appellant to be a bookmaker and a gambler, and knew of his prior conviction for bookmaking activities; also that telephone company records listed calls between appellant and known gamblers in other states. In addition, the Bishop affidavit cited telephone company records showing calls from another well-known gambler to appellant's home. We agree with the district judge that the constitutional requirements for issuance of the warrants were satisfied.

We reach this decision by application of the following standards: only a probability of criminal conduct need be shown; the rules for determining probable cause are less rigorous than the rules of evidence; the commissioner should be guided by common sense, and "great deference" should be given to the commissioner's determination of probable cause. *Spinelli*, supra, 393 U.S. at 419, 89 S.Ct. 584. See also DiPiazza v. United States, 415 F.2d 99, 105 (6th Cir. 1969); United States v. Nicholson, 303 F.2d 330 (6th Cir. 1962).

The informant's tip mentioned in the Thomas statement was not an essential part of the affidavits. The reference was to an undisclosed informant who had testified as a government witness in a prior proceeding against appellant. This reference was entirely gratuitous and did not add a necessary element to the finding of probable cause. The rule of *Spinelli* is therefore not decisive here. In *Spinelli*, the Court found that without the informant's tip probable cause could not have been established.

We observe in conclusion that the property seized has not been declared contraband. Nor has the government brought any proceeding against appellant in which the seized property would serve as evidence or as a basis of evidence. While the continued possession by the government of appellant's property raises certain constitutional questions, we do not resolve those questions since the issue has not been raised on this appeal.

The judgment is affirmed.