**SOVEREIGN NEWS COMPANY, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

Nos. 75–2431, 75–2432.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1976.

Decided Nov. 17, 1976.

As Amended on Denial of Rehearing Jan. 4, 1977.

Bernard A. Berkman, Berkman, Gordon, Kancelbaum & Levy, Cleveland, Ohio, for plaintiff-appellant.

Frederick M. Coleman, U.S. Atty., Cleveland, Ohio, Michael E. Moore, T. George Gilinsky, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

These are appeals from the denial of two related motions, made pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, for the return of property seized pursuant to search warrants the validity of which is challenged. These motions were denied by the district court on October 19, 1975, and timely notice's of appeal were filed. At the time the appeals were noticed, no indictment based upon the seizures had been returned. However, on March 25, 1976, an indictment based upon the seized materials was returned charging appellant and others with violation of 18 U.S.C. §§ 1461 and 2. Appellee then moved to dismiss the appeals on the ground that there was no longer an appealable final order because the indictment had been returned. This motion was improvidently denied.

An order denying a motion under Rule 41(e) is appealable only if it can be considered a final order because no related prosecution is pending. The Supreme Court held in *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1961), that "the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability." 369 U.S. at 131, 82 S.Ct. at 660. The Fourth Circuit in *Parrish v. United States*, 376 F.2d 601 (1967), extended this rule to cases in which an indictment is not returned until after a ruling on a preindictment motion is made and an appeal therefrom is noticed. We agree with this result,[1] which is consistent with the policy against piecemeal appeals.

---

1. Our decision in *United States v. Filing*, 410 F.2d 459 (6th Cir. 1969), does not support appellant's position because in that case the government had conceded that no further pros-

We recognize that the Court in *DiBella, supra,* held that the denial of a motion solely for the return of property is appealable if it is in no way tied to a criminal prosecution *in esse.* Nevertheless, this proposition does not apply in this case because an indictment was returned before the appeal was calendared. We do not believe that it matters whether a prosecution is commenced before or after the notice of an appeal from an order determining a Rule 41(e) motion.[2] Review of such orders should be available only in cases in which a denial of review would render impossible any appeal whatsoever. See *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). In this case, the imminent criminal prosecution will afford Sovereign News an opportunity to seek appellate review of the validity of the seizure.

The appeals are accordingly dismissed without prejudice to appellant's right to present again to this court the issues presented in them in the event of conviction.

ecution on the indictment was possible. Nor does our decision in *Coury v. United States,* 426 F.2d 1354 (6th Cir. 1970), compel a different result here. In that case, appellant filed a motion to suppress the use of property seized as evidence against him, and to have it returned to him. We regarded the denial of the motion to suppress as not appealable because it was not a final order, but we held that the denial of the motion for the return of the property was final and appealable because no criminal charges had been filed.

2. Because an indictment was returned in this case, we do not have to consider at what point a criminal prosecution begins for the purpose of determining whether a Rule 41(e) motion is an independent suit. Some courts have held that for this purpose a prosecution may be deemed as having begun even before an indictment has been returned. See *United States v. Peachtree National Distributors,* 456 F.2d 442 (5th Cir. 1972); *Smith v. United States,* 377 F.2d 739 (3d Cir. 1967). This court and other courts have not so held. See *Coury v. United States,* 426 F.2d 1354 (6th Cir., 1970), approved, *United States v. Williams,* 459 F.2d 909 (6th Cir., 1972); *United States v. Alexander,* 428 F.2d 1169 (8th Cir. 1970); *Gottone v. United States,* 345 F.2d 165 (10th Cir. 1965). See also *Shea v. Gabriel,* 520 F.2d 879 (1st Cir. 1975).