**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**SEARCH WARRANT FOR 405 N. WABASH, SUITE 3109 CHICAGO, ILLINOIS,**

**Barry Goodman, Esq., Party-In-Interest, Defendant-Appellant.**

**No. 83–2670.**

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1984.

Decided June 13, 1984.

Allan Ackerman, Ackerman & Egan, Chicago, Ill., for defendant-appellant.

Billie A. Rosen, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before POSNER and FLAUM, Circuit Judges, and NICHOLS, Senior Circuit Judge.[*]

FLAUM, Circuit Judge.

This is an appeal from a district court order denying a motion for return of property that was filed under Rule 41 of the Federal Rules of Criminal Procedure ("rule 41(e)"). For the reasons set forth below, we find the order to be nonappealable, and

---

[*] The Honorable Philip Nichols Jr., Senior Circuit Judge for the Federal Circuit, is sitting by designation.

we thus dismiss this appeal for lack of jurisdiction.

On June 22, 1983, in connection with federal grand jury proceedings that were in progress in Arizona, federal agents executed a search warrant at the law offices of Barry Goodman, located in Suite 3109 at 405 N. Wabash, Chicago, Illinois. This search resulted in the seizure of a number of Goodman's records. On June 23, 1983, the government filed a motion in the federal district court for the Northern District of Illinois to remove the seized property from Illinois. That same day, Goodman filed a rule 41(e) motion for the return of the property. After two hearings in August 1983, the district court granted the government's motion to remove the seized materials beyond the court's jurisdiction, and it denied Goodman's motion for return of the property.

In appealing the district court's rulings, Goodman raises four arguments. First, the utilization of a search warrant, instead of a subpoena, to obtain evidence for presentation to a grand jury was an abuse of governmental power. Second, the search warrant should have been quashed due to lack of specificity. Third, the execution of the warrant was in violation of the fourth amendment. Fourth, the district court erred in failing to grant Goodman's counsel an opportunity to view and contest the affidavit for the search warrant.

In its brief, the government claims that this court lacks jurisdiction to hear this appeal because Goodman's motion was not solely for return of property and also because the federal grand jury investigation in Arizona qualifies as a prosecution in being. According to the government, either of these reasons mandates a finding of no appellate jurisdiction, pursuant to *DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614 (1962). In addition, the government contends that Goodman's substantive arguments are without merit.

Oral argument in this case took place before this court on April 11, 1984. Six days later, on April 17, 1984, a grand jury in the District of Arizona indicted Goodman, charging him with seventeen counts of violating federal laws. In light of this development, the government moved for dismissal of this appeal on April 25, 1984, and it referred this court to the arguments put forth in its brief. We now consider this motion.

Appealability of District Court Order Denying Motion for Return of Property

In *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the United States Supreme Court held that where the defendants moved to suppress evidence several days before they were indicted, the district court orders denying the suppression motions, which were handed down after indictment, were interlocutory and not appealable. The Court stated that a ruling on a pre-indictment motion can be regarded as independent and appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *Id.* at 131–32, 82 S.Ct. at 660–61. As explained by the Court, "[d]enial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971) (discussing *DiBella* ).

Federal courts have viewed *DiBella* as establishing a two-prong test for the appealability of a ruling on a pretrial motion regarding the seizure of property by law enforcement officials. First, the motion must be "solely for the return of property," and second, the motion cannot be "tied to a criminal prosecution *in esse* against the movant." *See, e.g., In re Grand Jury Proceedings,* 716 F.2d 493, 495 (8th Cir. 1983); *United States v. One Residence and Attached Garage,* 603 F.2d 1231, 1238, 1239 (7th Cir.1979) (Wood, J., dissenting). *Cf. In re Grand Jury Proceedings,* 724 F.2d 1157, 1159 (5th Cir.1984) (focusing on first prong). With respect to the second prong of the test, it is clear from *DiBella* that there is a prosecution *in esse* where

the movant has been indicted prior to a district court ruling on the motion. The question in the present case, however, is whether there is a prosecution *in esse*, for purposes of the *DiBella* test, where the movant is indicted after a district court ruling on the motion but prior to the issuance of a decision by the appellate court.

In *Parrish v. United States*, 376 F.2d 601 (4th Cir.1967), two defendants sought suppression and the return of property under both rule 41(e) and the equity powers of the district court.[1] After the district court dismissed the action, but before appellate oral argument, one defendant was indicted in two separate cases and convicted in one of them. After oral argument, the Fourth Circuit learned that this defendant had been acquitted in the second case. Relying upon the rationale of *DiBella*, the court found that the district court's dismissal was not reviewable in light of the subsequent indictments. According to the court, the indicted defendant could submit his claims regarding the seizure of his property to the courts hearing the criminal prosecutions, a procedure that would protect his codefendant's interests as well. Similarly, in *Sovereign News Co. v. United States*, 544 F.2d 909 (6th Cir.), *cert. denied*, 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 73 (1977), the defendant filed a rule 41(e) motion for return of property prior to indictment. After the district court denied the motion, the defendant filed a timely notice of appeal. Several months later, a grand jury indicted the defendant, and the government moved to dismiss the appeal. The Sixth Circuit cited *Parrish* with approval, stating that, regardless of whether a prosecution is commenced before or after the notice of an appeal from an order determining a rule 41(e) motion, "[r]eview of such orders should be available only in cases in which a denial of review would render impossible any appeal whatsoever." *Id.* at 911. Since the imminent prosecution afforded the defendant an opportunity to seek appellate review of the validity of the seizure, the court held that the district court order denying the return of property was not appealable.

We find the reasoning expressed in *Sovereign News Co.* to be persuasive and apposite to the present case. The prosecution that has commenced against Goodman in Arizona will afford him adequate opportunity to challenge the constitutionality of the search of his law office.[2] Since there is now no danger that the government might retain Goodman's property indefinitely without any opportunity for Goodman to assert on appeal his right to possession, *see United States v. Ryan*, 402 U.S. at 533, 91 S.Ct. at 1582, we can find no basis upon which to grant piecemeal review of this claim. *See DiBella v. United States*, 369 U.S. at 124, 82 S.Ct. at 656 (the general principle of federal appellate jurisdiction insists on finality and prohibition of piecemeal review). We thus find the district court order denying the motion for return of property to be nonappealable.

In light of our ruling, we need not address the government's claim that a grand jury proceeding constitutes a prosecution *in esse*. Nor need we decide whether, under the first prong of the *DiBella* test, Goodman's rule 41(e) motion is not a motion solely for the return of property.

Accordingly, the appeal is dismissed without prejudice to Goodman's right to reassert his arguments in the pending criminal case.

1. A majority of the court in *Parrish* assumed that the defendants sought the return of property. *Parrish v. United States*, 376 F.2d at 603. However, Judge Boreman, in a special concurrence, expressed his view that the defendants' motion was not solely for the return of property and thus was nonappealable under the first prong of the *DiBella* test. *Id.* at 603-04 (Boreman, J., concurring specially).

2. In *Sovereign News Co.*, unlike in the present case, the indictment was returned before the appeal was calendared. *Sovereign News Co. v. United States*, 544 F.2d at 911. We find this factual distinction to be without significance because an indictment, whether it is returned before or after calendaring of the appeal, marks the beginning of a prosecution during which the defendant may contest the legality of a search and seizure.