**In re SEARCH WARRANTS (EXE-CUTED ON JANUARY 23, 1983).**

**Appeal of Matthew TRUPIANO.**

**No. 84–1555.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1984.

Decided Dec. 13, 1984.

Irl B. Baris, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Matthew Trupiano appeals from an order entered in the District Court[1] for the Eastern District of Missouri denying his preindictment motion for award of interest. Appellant argues that the order is final and appealable under 28 U.S.C. § 1291; the government argues that the order is interlocutory and not appealable because appellant is under indictment at this time, citing *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). For the reasons discussed below, we hold that the order is not a final and appealable order and dismiss the appeal for lack of appellate jurisdiction, without prejudice to appellant's right to raise the question of interest if the search and seizure is found to be unlawful. We express no opinion about the merits of the motion to suppress or the availability of interest.

The facts are somewhat unusual but are not substantially disputed.[2] On January 2, 1983, a federal magistrate issued search warrants for appellant's person and resi-

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. The parties sharply disagreed about the award of interest on the merits. Appellant apparently based the motion for award of interest upon the sentence in the district court's May 1983 order quoted in the text. The government, however, refused any payment of interest on the grounds that there is no authority for payment of interest and that in any event its return of the money was in no way an admission that the search and seizure was illegal. The parties also disagreed about whether there was a district court order denying appellant's motion for award of interest, the order that is the basis for the present appeal. The district court order sealing the files in these cases made it difficult for appellant's counsel to review the record. We have checked the district court's file (the record on appeal was submitted in camera) and have determined that the district court denied appellant's motion for award of interest by handwriting the word "Denied" and the date ("3-30-84") in the upper right hand corner of the motion itself.

dence in connection with an investigation of illegal gambling. The property description of the items to be seized included gambling materials and currency. On January 23, 1983, the search warrants were executed and currency in the amount of $26,672 and other items were seized. On February 1, 1983, appellant filed motions seeking the disclosure of documents relating to the search warrants, the return of property and suppression of all evidence illegally seized, pursuant to Fed.R.Crim.P. 41(e). Following a hearing, the district court denied the motions. *In re Search Warrants,* Nos. 83–36, 37, 38 (E.D.Mo. May 12, 1983) (order). Part of the district court's order provided that "[i]f it is later determined that the Government illegally seized the money of Matthew Trupiano, this Court will order the Government to pay Matthew Trupiano interest on that money computed at normal savings account rates from the date of the seizure on January 23, 1983."

Appellant filed a notice of appeal. At the time the appeal was argued in November 1983, appellant had not been indicted or charged with any criminal offense and no civil forfeiture proceedings had been instituted. On January 13, 1984, this court held that the district court did not err or abuse its discretion in denying the motion for return of the property and other relief, but

> remand[ed] the case with directions that ... if no further action by the government ensues within 30 days of the date of this order, [appellant] may move in the district court for further relief and findings. The district court should thereafter re-evaluate the government's contention of good faith and diligence.

*In re Search Warrants,* No. 83–1787, slip op. at 2 (8th Cir. Jan. 13, 1984) (unpublished order) (footnote omitted).[3] 732 F.2d 160. The government determined that because of the scope of its ongoing gambling investigation, which included the work of one or more undercover informants, it would be impossible to obtain an indictment before the end of the 30 day period described in this court's January 1984 order. The government returned the money and other items that had been seized during the January 1983 searches, without any concession that the searches and seizures were illegal. Appellant accepted the return of the money and other items on February 3, 1984, and sought payment of interest from the government. The government refused any payment of interest. Appellant then filed in the district court a motion for award of interest. On March 30, 1984, the district court denied the motion for award of interest. The district court also noted that all of the money seized had been returned and ordered the files of the district court sealed until further order of the court.

Appellant filed a notice of appeal. The Brief for Appellant was filed July 2, 1984. The government's brief was filed July 26, 1984. In its brief the government stated that on July 19, 1984, a federal grand jury had returned an indictment charging appellant and others with violations of 18 U.S.C. § 1955 and 26 U.S.C. §§ 7201, 7203. These charges are related to the government's investigation into appellant's illegal gambling activity and the search and seizure of the money and other items.

As a threshold matter, we must decide whether the district court's order denying appellant's preindictment motion for award of interest is a final and appealable order. The Supreme Court in *DiBella v. United States,* 369 U.S. at 131–32, 82 S.Ct. at 660–

---

**3.** When the Rule 41(e) motion was filed in February 1983, there was no criminal case or civil forfeiture case pending. Therefore, the only proceeding in the district court at that time was the request for relief from the United States, i.e., disclosure of material, return of property and suppression of evidence. The proceeding in district court and on appeal probably should have been captioned "Trupiano v. United States." *See, e.g., Standard Drywall, Inc. v. United States,* 668 F.2d 156, 157 n. 3 (2d Cir.), *cert. denied,* 456

U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982). However, we note that the style of the caption used has varied within our circuit, *compare In re Grand Jury Proceedings,* 716 F.2d 493 (8th Cir.1983), *with Pieper v. United States,* 604 F.2d 1131 (8th Cir.1979), and within other circuits, *compare United States v. One Residence & Attached Garage,* 603 F.2d 1231 (7th Cir.1979), *with Mr. Lucky Messenger Serv., Inc. v. United States,* 587 F.2d 15 (7th Cir.1978).

61, set forth general principles for determining whether a preindictment order is final and appealable. In *DiBella*, two criminal defendants filed motions after their arrest under the predecessor to Fed. R.Crim.P. 41(e) for the return and suppression of property that had been seized from them. Each defendant was indicted after the motions were filed but before the district court had ruled. The district court later denied the motions without prejudice to renewal at trial and the defendants appealed. The court of appeals held the order was appealable, but the Supreme Court reversed, holding that an order granting or denying a preindictment motion to suppress is interlocutory and not appealable. *Id.* at 129–31, 82 S.Ct. at 659–60. The Court stated that "[t]o regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails serious disruption to the conduct of a criminal trial." *Id.* at 129, 82 S.Ct. at 659 (footnote omitted).

> When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent.

*Id.* at 131–32, 82 S.Ct. at 660 (citations omitted).

As noted in *In re Grand Jury Proceedings*, 716 F.2d 493, 495 (8th Cir.1983), most courts have focused on the last sentence in this passage and have applied a two part test for determining the appealability of Rule 41(e) motions. "First, the motion must be 'solely for return of property.' Second, the motion cannot be 'tied to a criminal prosecution *in esse* against the movant.'" *Id.*, citing *DiBella v. United States*, 369 U.S. at 131–32, 82 S.Ct. at 660. Because Rule 41(e) literally provides that any motion for the return of property is automatically one for suppression as well, it is impossible for a Rule 41(e) motion to be "solely" for the return of property. For this reason, "[we] have interpreted the word 'solely' in the *DiBella* opinion as contemplating an inquiry into whether the 'primary purpose' or 'essential character' of the Rule 41(e) motion was to obtain the return of the items seized or to obtain a suppression order." *In re Grand Jury Proceedings*, 716 F.2d at 495 (citations omitted).

Here, the money and other items seized have already been returned to appellant. On appeal is the district court's order denying appellant's preindictment motion for an award of interest for the period the government retained the money without bringing any criminal charges against him or any civil forfeiture proceedings. *Cf. Pieper v. United States*, 604 F.2d 1131 (8th Cir.1979) (independent civil action for return of property seized); *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15 (7th Cir.1978) (independent civil action for return of property seized). For the purposes of our analysis of appealability, we consider the motion for interest as one closely related to the prior Rule 41(e) motion. We believe the prior Rule 41(e) motion primarily sought the return of the money and other items. Although appellant undoubtedly also sought to have the money and other items suppressed, it would appear that appellant was more interested in the return of his money. It is clear that the motion for award of interest involves only the money.

■ Whether the second part of the *DiBella* test has been met is more troublesome. This court determines the existence of a criminal prosecution from the indictment for purposes of Rule 41(e) appealability. *See In re Grand Jury Proceedings*, 716 F.2d at 496, *citing United States v. Alexander*, 428 F.2d 1169, 1171 (8th Cir. 1970) (arrest or arraignment); *accord Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d at 16 (7th Cir.) (accusatory

phase); *Coury v. United States,* 426 F.2d 1354 (6th Cir.1970); *Gottone v. United States,* 345 F.2d 165 (10th Cir.), *cert. denied,* 382 U.S. 901, 86 S.Ct. 234, 15 L.Ed.2d 155 (1965). *But see, e.g., Standard Drywall, Inc. v. United States,* 668 F.2d 156 (2d Cir.) (existing criminal prosecution includes pending grand jury investigation), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982); *Imperial Distributors, Inc. v. United States,* 617 F.2d 892 (1st Cir.), *cert. denied,* 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980). Here, it is undisputed that appellant is now under indictment for gambling offenses related to the evidence seized and later returned by the government. The indictment was not returned until after the notice of appeal had been filed. In fact, the indictment was returned only about a week before the government's brief was filed. The sequence of events in the present case is unlike that presented in *DiBella* where the district court's order and the notice of appeal *followed* indictment.

■ Here, we are confronted with an indictment, and therefore an existing criminal prosecution, only if we consider events which occurred subsequent to the entry of the judgment of the district court and the filing of the notice of appeal. Should we consider subsequent events in determining whether there is a prosecution in existence for purposes of appealability? We believe consideration of subsequent events is appropriate and consistent with the avoidance of piecemeal appeals. This approach has been followed in other circuits. For example, in *Sovereign News Co. v. United States,* 544 F.2d 909, 910–11 (6th Cir.1976) (per curiam), *cert. denied,* 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 73 (1977), at the time the notices of appeal from two related Rule 41(e) motions were filed, no indictment had been returned. However, before the appeals were calendared, an indictment based upon the seized materials was returned. The court considered the indictment in determining that there was a prosecution in existence and therefore no appealable order, noting that it did not matter "whether a prosecution is commenced before or after

the notice of an appeal from an order determining a Rule 41(e) motion." *Id.* at 911. Similarly, *Parrish v. United States,* 376 F.2d 601 (4th Cir.1967) (per curiam), involved an appeal from a dismissal of an independent civil action seeking the return of records seized in connection with a tax investigation. While the appeal was pending, the court of appeals was informed that, since the dismissal, the appellant had been indicted in two related cases, convicted in one and acquitted in the other, and that on appeal the conviction had been reversed in part and remanded. The court held that consideration of the subsequent indictment, conviction and reversal and remand was appropriate in determining appealability, even though the facts were not exactly the same as in *DiBella. Id.* at 603; *accord Application of United States,* 427 F.2d 1140, 1141 (5th Cir.1970) (per curiam) (appellants were under indictment at time of appeal). *But see Parrish v. United States,* 376 F.2d at 603–04 (Boreman, J., concurring specially) (indictments and criminal proceedings prosecuted subsequent to the entry of the district court judgment are not pertinent to the question of appealability).

■ We hold that consideration of events occurring subsequent to the filing of the notice of appeal is appropriate for the purpose of determining appealability, at least with respect to Rule 41(e) or closely related motions. Because at this time there is a criminal prosecution pending against appellant, the district court's order denying the motion for interest is interlocutory and not appealable. Accordingly, we dismiss the appeal for lack of appellate jurisdiction, without prejudice to appellant's right to raise the question of interest in future proceedings.