**UNITED STATES of America, Plaintiff,**

v.

**The MID–STATES EXCHANGE; Robert Hawley and Audrey Hawley, Defendants.**

Civ. No. 85–4214.

United States District Court, D. South Dakota, S.D.

Oct. 4, 1985.

## MEMORANDUM OPINION and ORDER

JOHN B. JONES, District Judge.

Defendants herein have moved under F.R.Crim.Pro. 41(e) for return of property seized by various state and federal law enforcement officials, pursuant to warrant, during the course of a federal investigation into alleged tax evasion. Defendants support their motion with allegations of various violations of the Fourth Amendment proscriptions against unreasonable search and seizure.

■ Inasmuch as no indictment has, as of yet, been filed against defendants pursuant to this investigation, their motion must be construed as a civil action in equity to recover property. *Marshall v. Central Mine Equipment*, 608 F.2d 719, 721 (8th Cir.1979). Nevertheless, should an indictment subsequently issue in this matter, regardless of the venue, this Court's determination of the constitutionality of the warrant, search and seizure challenged herein would constitute the law of the case, and would, therefore, be binding upon the trial court in a subsequent criminal prosecution. *See United States v. Montos*, 421 F.2d 215

(8th Cir.), *cert. denied* 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970). Since suppression of evidence is implicit in the return of property under Rule 41(e), *see C. Wright, 3 Fed.Prac. & Proc.* § 673, at 762 and cases cited therein, my ruling on the merits of defendants' motion must comprehend within its analysis the ultimate ramifications of the exclusionary rule, and concomitantly, the "good faith" exception to that rule created in *United States v. Leon*, 468 U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

■ The 1972 Advisory Committee notes clearly indicate that the policy of Rule 41(e) is to "require the motion to suppress evidence to be made in the trial court rather than in the district in which the evidence was seized." That policy is not furthered when a Rule 41(e) motion is entertained during the course of a grand jury investigation of the moving parties. Moreover, should this Court consider the merits of defendants' motion, the current grand jury investigation of defendants' financial activities would necessarily be delayed and perhaps stymied. The United States Supreme Court in *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), in holding that the exclusionary rule does not apply to grand jury proceedings, made clear that grand jury investigations must not be impeded by minitrials and preliminary hearings on Fourth Amendment questions. *Id.* at 414 U.S. 349–52, 94 S.Ct. 620–22; *see also Truchinski v. United States*, 393 F.2d 627 (8th Cir.1968). Accordingly, this Court simply does not have the power to suppress or return evidence which is the subject of a current grand jury investigation.

■ In view of the foregoing, it is the Court's view that defendants' motion is premature. A ruling at this time on the issues implicit in defendants' motion would not only thwart the clear policy of Rule 41(e) in requiring motions to suppress evidence to be made in the trial court; it would also impermissibly impede the grand jury in its investigation of individuals suspected of tax evasion. Accordingly, de-

fendants should renew their motion upon conclusion of the current grand jury investigation. Should an indictment ultimately issue, defendants should move the trial court to suppress improper evidence under Rule 41(f). If the grand jury is dissolved without handing down an indictment against defendants, their proper remedy would be to renew their Rule 41(e) motion to this Court.

### ORDER

Now, therefore,

IT IS ORDERED that defendants' Motion to Suppress Evidence and for Return of Property is denied, but without prejudice to be renewed in a manner consistent with this opinion.