780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
MODERN BOOKKEEPING, INC.; MIDSTATES FINANCIAL SERVICES,
INC.; ENTERTAINMENT WORLD, INC., Defendants-Appellants.
 84-1779
 United States Court of Appeals, Sixth Circuit.
 11/22/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Modern Bookkeeping and others appeal the district court's denial of their motions to return property seized pursuant to search warrants and to unseal the affidavits in support of those warrants.
 
 
 2
 Between January 26 and 29, 1984, four search warrants were issued for three Michigan businesses. The Michigan investigation was conducted in conjunction with an Indiana investigation by the Treasury's Bureau of Alcohol, Tobacco & Firearms. An affidavit setting forth the facts which were the basis for the Indiana warrants was incorporated in the Michigan warrants. The Indiana affidavit has remained under seal pursuant to a recent ruling by the United States Court of Appeals for the Seventh Circuit. United States v. Sealed Search Warrant for 2511 East 46th St., No. 84-CR-40 (July 17, 1985) (unpublished).
 
 
 3
 The threshold procedural issue in this case is the appealability of the district court's denial of plaintiff's motion to return property under Rule 41(e) of the Federal Rules of Criminal Procedure. Under DiBella v. United States, 369 U.S. 121, 131-32 (1963), and Sovereign News Co. v. United States, 690 F.2d 569, 571 (6th Cir. 1982), cert. denied, 104 S. Ct. 69 (1983), a criminal prosecution must be 'in being' to render a 41(e) motion interlocutory. Rule 41(e) provides that '[i]f the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial.' Fed. R. Crim. P. 41(e). It is clear that motions to suppress evidence are truly interlocutory and as such are not appealable. DiBella, 369 U.S. at 131.
 
 
 4
 This investigation has broadened significantly since its inception in January, 1984. It involves numerous documents and corporate entities located in several states. Modern Bookkeeping has been permitted by the government to obtain copies of documents it requires, thus it cannot argue that the documents are needed for business purposes. Imperial Distributors, Inc. v. United States, 617 F.2d 892, 895-96 (1st Cir.), cert. denied, 449 U.S. 891 (1980).
 
 
 5
 Further, modern Bookeeping filed a motion for a protective order with the district court on January 27, 1984, requesting the court to refrain from releasing any information contained in the seized documents to other federal or state agencies. This motion is certainly not dispositive, Angel-Torres v. United States, 712 F.2d 717, 719 (1st Cir. 1983), but is indicative of Modern Bookkeeping's goals in this litigation. United States v. North American Coal Exchange, 676 F.2d 99, 100 (4th. Cir. 1982).
 
 
 6
 The Seventh Circuit has reached a similar conclusion on identical facts. In United States v. Sealed Search Warrant for 2511 East 46th Street, No. 84-CR-40 (July 17, 1985) (unpublished), the Seventh Circuit held that the plaintiff's 41(c) motion was made in order to take advantage of the Rule's suppression remedy, rendering the appeal interlocutory. We hold today that under these facts, Modern Bookeeping has not satisfied the first prong of the DiBella test. We therefore do not reach the question whether a prosecution was in esse for purposes of the second prong of the test.
 
 
 7
 The plaintiff's remaining claims do not require lengthy discussion. They contend that the warrants were 'general warrants' in violation of the fourth amendment because of their broad scope. It is indisputable the particularity requirement of the fourth amendment was designed to prevent general searches governed only by the discretion of the executing officer. Marron v. United States, 275 U.S. 192, 196 (1927). If, however, the discretion of the officer is adequately curbed, a warrant will not fail merely because the investigation requires the seizure of a broad range of items.
 
 This warrant authorized seizure of
 
 8
 Books, records and documents relating to the conduct of business during the period beginning January 1, 1978, up to and including the present, including but not limited to the following: articles of incorporation, corporate minutes, business records, ledger books, balance sheets, personnel records, withholding tax documents, federal tax documents, sales tax documents, correspondence, invoices and receipts, lease agreements, maintenance agreements and contracts, licenses and permits, computer tapes, cards, printouts or other means of electronic recording and storage . . ..
 
 
 9
 Other circuits have held similar warrants permissible under the fourth amendment where the breadth of the warrant was justified by probable cause. United States v. Office Known as 50 State Distributing Co., 708 F.2d 1371, 1374 (9th Cir. 1983), cert. denied, 104 S. Ct. 1272 (1984); United States v. Christine, 687 F.2d 749, 753 (3d Cir. 1982). The cases cited by Modern Bookkeeping are inapposite; the breadth of the warrants in those cases exceeded that authorized by the affidavit. See, e.g., United States v. Roche, 614 F.2d 6 (1st Cir. 1980) (warrant for all records of an insurer not justified where affidavit referred only to automobile insurance.) After examination of the affidavit, we agree with the lower court's determination that the breadth of the search was justified by the probable cause established in the affidavit.
 
 
 10
 Plaintiffs next argue that the probable cause determination cannot be adequately contested while the affidavits are under seal. They do not dispute the court's power to seal documents, In Re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 473-74 (6th Cir. 1983), but contend that the government must provide a more detailed justification of the sealing than 'bare allegations of potential harm.' The district court found that the magistrate had a substantial basis in ordering the affidavits sealed. The Indiana affidavits have remained sealed despite similar arguments to the Indiana district courts. After an examination of the affidavits, we agree that a substantial basis for the sealing continues.
 
 
 11
 We affirm the judgment of the district court.
 
 
 12
 CELEBREZZE, Senior Circuit Judge, concurring.
 
 
 13
 I agree with the majority that the Rule 41(e) motion, Fed. R. Crim. P. 41(e), in this case is non-appealable. Since the appeal in this case is interlocutory, the majority clearly exceeds our appellate jurisdiction by reaching the merits of this appeal. See Imperial Distributors, Inc. v. United States, 617 F.2d 892 (1st Cir.) (court holds Rule 41(e) motion non-appealable and fails to address merits of appeal), cert. denied, 449 U.S. 891 (1980); Standard Drywall, Inc. v. United States, 668 F.2d 156 (2d Cir.) (court holds Rule 41(e) motion non-appealable and fails to reach merits of appeal), cert. denied, 456 U.S. 927 (1982); United States v. Furina, 707 F.2d 82, 85 (3d Cir. 1984) ('We conclude that the denial of appellants' motions is not appealable and, accordingly, we will dismiss the appeal.'); United States v. Glassman, 533 F.2d 262 (5th Cir. 1976) (court holds Rule 41(e) motion nonappealable and refuses to reach merits of appeal); Sovereign News Co. v. United States, 544 F.2d 909 (6th Cir. 1976) (per curiam) (court holds Rule 41(e) motion non-appealable and refuses to reach merits of appeal), cert. denied, 434 U.S. 817 (1977); United States v. Search Warrant for 405 N. Wabash, Suite 3109 Chicago, Illinois, 736 F.2d 1174 (7th Cir. 1984) (court holds Rule 41(e) motion non-appealable and refuses to reach merits of appeal); United States v. Sealed Search Warrant, No. 84-CR-40 (7th Cir. July 17, 1985) (unpublished) (court holds Rule 41(e) motion non-appealable and refuses to address the merits); In re Search Warrants (Executed on January 23, 1983), 750 F.2d 664, 665 (8th Cir. 1984) ('[W]e hold that the order is not a final and appealable order . . . We express no opinion about the merits . . ..'); DeMassa v. Nunez, 747 F.2d 1283 (9th Cir. 1984) (court holds Rule 41(e) motion non-appealable and refuses to reach merits of appeal); In re Grand Jury Proceedings (United States v. Berry), 730 F.2d 716 (11th Cir. 1984) (court holds Rule 41(e) motion non-appealable and refuses to address merits of appeal).
 
 
 14
 Accordingly, I only concur in the majority's conclusion that we lack jurisdiction over this appeal.