UNITED STATES of America, Appellee,

v.

MID–STATES EXCHANGE, Robert Hawley and Audrey Hawley, Appellants.

No. 85–5373 SD.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1986.

Decided April 10, 1987.

Rehearing Denied as Untimely June 1, 1987.

**1228**

William Cohan, Denver, Colo., for appellants.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FAIRCHILD, Senior Circuit Judge,[*] and MAGILL, Circuit Judge.

PER CURIAM.

On October 4, 1985, the District Court[1] denied the motion of Robert and Audrey Hawley under Rule 41(e), F.R.Crim.P., for return of property seized in a search of their home. The Hawleys challenge the validity of the search warrant and also claim that the search and seizure exceeded the scope of the warrant.

Judge Jones decided that the motion was premature, did not consider the merits, and denied the motion without prejudice. *United States v. Mid-States Exchange*, 620 F.Supp. 358 (D.S.D.1985).

There had been no arrest, complaint, nor indictment of the Hawleys, and they appealed. Mid-States Exchange, the organizational status of which does not appear, was also named as an appellant. After oral argument in this court, but before decision, a federal grand jury in the District of Minnesota returned an indictment charging the Hawleys and others with conspiracy to defraud the United States by (in part) obstructing the IRS in the assessment of income taxes. The charges apparently are related to matters asserted in the application for the search warrant.

The government has moved for dismissal of the appeal for the reason that the indictment caused the Hawleys' motion to lose its independence from the criminal proceeding now pending, and within which their challenge can be heard. Appellants contend that the return of the indictment did not deprive this court of the jurisdiction it had when the appeal was filed.

An order denying a motion "solely for return of property," is appealable if the motion "is in no way tied to a criminal prosecution *in esse* against the movant." *Di Bella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614 (1962); *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971); *In re Grand Jury Proceedings*, 716 F.2d 493, 495 (8th Cir.1983).

This court has held, however, that where there is no prosecution *in esse* at the time the order is entered, but an indictment is returned after the filing of the notice of appeal, consideration of the return of the indictment is appropriate for the purpose of determining appealability. The order appealed from then becomes interlocutory and no longer appealable. *In re Search Warrants (Executed on January 23, 1983)*, 750 F.2d 664, 668 (8th Cir.1984). *See also U.S. v. Search Warrant for 405 N. Wabash, Suite 3109*, 736 F.2d 1174 (7th Cir.1984). In that case the Seventh Circuit reached the same conclusion where the indictment was returned not only after an appeal was instituted and argued, but was also returned in a different district, as in this case.

APPEAL DISMISSED.

---

[*] The HONORABLE THOMAS E. FAIRCHILD, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.