**UNITED STATES of America, Appellee,**

v.

**Gary C. ROSENBERGER, Appellant.**

**No. 88–1420.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1988.

Decided April 7, 1989.

Jennifer A. Greene, Denver, Colo., for appellant.

Willis A. Buell, Sioux City, Iowa, for appellee.

Before HEANEY * and BEAM, Circuit Judges, and LARSON,** Senior District Judge.

LARSON, Senior District Judge.

Defendant Gary C. Rosenberger was convicted of seven counts of tax evasion for the tax years 1978 through 1984, in violation of 26 U.S.C. § 7201. The district court [1] sentenced Rosenberger to eighteen month concurrent terms on Counts I and II and five years probation on Counts III through VII. The court also imposed costs of prosecution in the amount of $8,744.83, plus a special assessment of $50.00 on Count VII. Defendant appeals, arguing the district court erred in denying his motion to suppress documents seized in a search of his office and residence on April 5, 1985. We affirm.

I.

On April 4, 1985, IRS Special Agent Woodard applied for a search warrant for Rosenberger's chiropractic offices located at 1007 Morningside Avenue, Sioux City, Iowa. Woodard filed a nine page affidavit alleging probable cause to believe that Rosenberger had committed violations of 18 U.S.C. § 371 (conspiracy), 26 U.S.C. §§ 7201 and 7203 (tax evasion and willful failure to file a tax return), and 31 U.S.C. § 5322 [2] (violation of the currency transactions reporting law) for the years 1978 to the present. The warrant described the property to be seized as follows:

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, Chief United States District Judge for the Northern District of Iowa.

2. While Woodard's affidavit referred only to section 5322 of Title 31, which prescribes the criminal penalties for willful violations of the Currency and Foreign Transactions Reporting Act, 31 U.S.C. sections 5311 et seq., the district court construed the affidavit as including an alleged violation of the substantive reporting sections of Title 31. See, e.g., id. sections 5313, 5315, 5316.

(1) Books, records, receipts, bank statements, and records, money, drafts, letters of credit, money orders, and cashier check's receipts, passbooks, bank checks, and other items of or relating to Gary Rosenberger, Life Science Church of Morningside, and/or P.R. Refining, and/or T.S.L.S.C.A. evidencing the obtaining, secreting, transferring, concealing and/or expenditure of money;

(2) Books, records, receipts, notes, ledgers, and other documents relating to financial transactions of NATIONAL CURRENCY EXCHANGE (N.C.E.) and/or NATIONAL COMMODITY BARTER ASSOCIATION (N.C.B.A.) and/or MID–STATES SECURITY EXCHANGE (M.S.E.) and/or HARDWAY COMPANY;

(3) Currency, precious metals, jewelry, antiques and/or other items evidencing substantial cash or currency transactions of or by Gary Rosenberger, Life Science Church of Morningside, P.R. Refining, NATIONAL CURRENCY EXCHANGE (N.C.E.) and/or NATIONAL COMMODITY BARTER ASSOCIATION (N.C.B.A.) and/or MID–STATES SECURITY EXCHANGE (M.S.E.) and/or HARDWAY COMPANY and/or T.S.L.S.C.A.

The search of the Rosenberger premises was part of a simultaneous search of persons or entities suspected of similar violations at six locations. During the course of the search, special agents secured a warrant authorizing them to search the residential dwelling attached to the chiropractic offices. The search yielded approximately 31 boxes of paper and books.

Prior to the issuance of any indictment against Rosenberger, Rosenberger filed a motion for return of property pursuant to Fed.R.Cr.P. 41(e).[3] After taking evidence at a hearing, the district court, in a thorough and well-reasoned opinion, ruled the warrant was not defective on its face and the affidavit provided sufficient probable cause for the search. *United States v. Premises Known As 1007 Morningside Avenue, Sioux City, Iowa,* 625 F.Supp. 1343, 1348, 1349 (N.D.Iowa 1985). The court nonetheless ordered the return of a significant portion of the items seized, holding the search was overbroad in that it included seizure of material protected by the First Amendment which was not described with "scrupulous exactitude" in the warrant. *Id.* at 1349–50. The court determined the search was *not* so overbroad as to require the return of all materials seized, however, holding that officers did not act in bad faith nor in "flagrant disregard" of the limitations of the warrant. *Id.* at 1350–51.

Rosenberger filed a notice of appeal on February 24, 1986. On that same day, he filed a motion to proceed in forma pauperis, which was denied by the district court on March 19, 1986. On April 8, 1986, this Court denied Rosenberger leave to proceed on appeal in forma pauperis and directed him to show cause why the appeal should not be dismissed in accordance with Eighth Circuit Rule 12(a).[4] The appeal was dismissed May 2, 1986.

## II.

Rosenberger was indicted six months later, on November 5, 1986, and was charged with the tax evasion counts at issue in this

---

**3.** Rule 41(e) provides:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

**4.** Eighth Circuit Rule 12(a) provides in relevant part:

The court, at any time on its own motion and without notice, may summarily dispose of any appeal, but 15 days' notice will be afforded in an in forma pauperis appeal in which a certificate of probable cause has been issued but the briefs have not been filed. The court may dismiss the appeal if it is not within the jurisdiction of the court or it is frivolous and entirely without merit.

appeal. On February 27, 1987, Rosenberger filed a *pro se* motion to suppress all documents obtained in the April 5, 1985, search. The district court denied this motion. Rosenberger contends on appeal that the court erred because the search as executed was so overbroad that suppression of all evidence obtained thereby is warranted.

The government argues the doctrine of collateral estoppel precludes Rosenberger's current appeal. A party is generally estopped from re-litigating an issue decided against him or her in a prior lawsuit when (1) the issue is identical to one presented in the prior adjudication; (2) the prior adjudication resulted in a final judgment on the merits; (3) the estopped party was a party or in privity with a party in the prior adjudication; and (4) the estopped party had a full and fair opportunity to litigate the issue in the prior suit. *Swapshire v. Baer*, 865 F.2d 948, 951 (8th Cir.1989); *Bismarck v. Toltz, King, Duvall, Anderson & Associates, Inc.*, 855 F.2d 580, 582 (8th Cir. 1988); *Nichols v. St. Louis*, 837 F.2d 833, 835 (8th Cir.1988).

■ Rosenberger's earlier Rule 41(e) motion resulted in a judgment on the merits on exactly the same issue he seeks to raise in this appeal. Rosenberger was a party to the prior action, and, based upon the district court's thorough consideration of his claims, had a full and fair opportunity to litigate the issue of the validity of the search and the search warrant before the district court in his Rule 41(e) motion. *See* 625 F.Supp. at 1346–51.

That Rosenberger's request to proceed in forma pauperis in his civil appeal was denied does not change this result under the circumstances of this case. Several courts, including this one, have not hesitated to apply the doctrine of issue preclusion when leave to appeal the first judgment in forma pauperis was denied. *See In re Green*, 586 F.2d 1247, 1250, 1251 (8th Cir.1978), *cert. denied*, 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979); *Conklin v. Wainwright*, 429 F.2d 542, 542 (5th Cir.1970), *cert. denied*, 401 U.S. 943, 91 S.Ct. 952, 28 L.Ed.2d 224 (1971); *Stewart v. Minnick*, 409 F.2d 826, 826 (9th Cir.1969). *See generally* 18 C. Wright, A. Miller & E. Cooper, *Fed. Prac. & Proc.* § 4433, at 319–20 (1981).

Rosenberger's argument that consideration of his appeal, had he pursued it, would not have been completed prior to his indictment and hence the appeal would have been dismissed anyway, *see United States v. Mid–States Exchange*, 815 F.2d 1227, 1228 (8th Cir.1987), is equally unavailing. The fact is Rosenberger's appeal was dismissed by this Court on May 2, 1986, well before defendant's indictment on November 5, 1986. We will not speculate as to what might have happened had Rosenberger's initial appeal gone forward.

Finally, defendant argues the estoppel doctrine should not be "mechanically" applied, particularly in a criminal case, where the interest in reaching a correct result is arguably greater than the interest in judicial economy and efficiency served by the estoppel doctrine. We agree that courts should more closely examine the prerequisites of the estoppel doctrine in the context of criminal cases, *see, e.g., People v. Plevy*, 52 N.Y.2d 58, 436 N.Y.S.2d 224, 227–28, 417 N.E.2d 518, 521–22 (1980), but we find no reason in this case for avoiding the doctrine's application. *See id.*, 436 N.Y.S. 2d at 229–31, 417 N.E.2d at 523–25 (Fuchsberg, J., concurring). All four prerequisites to the doctrine are met, and defendant has done nothing more in this case than reargue the assertions he made in his prior civil action. No new evidence or changed circumstances are presented.

■ Moreover, should we reach the merits, we agree with the district court that suppression and return of *all* documents seized is not warranted. The district court specifically found the agents who executed the warrant did not act in flagrant disregard of the limitations of the warrant, *see Marvin v. United States*, 732 F.2d 669, 674–75 (8th Cir.1984); *United States v. Heldt*, 668 F.2d 1238, 1259–61 (D.C.Cir. 1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982), but rather made a good faith attempt to be selective in carrying out the search. *See* 625 F.Supp. at 1350. We agree with the

court's conclusions in this regard. *See* 8th Cir.R. 14.

## III.

Because defendant is estopped from challenging the validity of the search of his offices and residence by virtue of his prior adjudication of this matter, and because in any event we agree with the district court's previous conclusions, we affirm defendant's convictions in this case.