**William B. SULLIVAN, Appellant,**

v.

**Fred R. DICKSON, Warden, etc.,
Appellee.**

No. 16365.

United States Court of Appeals
Ninth Circuit.

Oct. 3, 1960.

Rehearing Denied Nov. 7, 1960.

Joseph G. Peatman, Napa, Cal., Duane L. Johnson, Santa Rose, Cal., for appellant.

William B. Sullivan, in pro. per.

Stanley Mosk, Atty. Gen., Arlo E. Smith, John S. McInerny, Deputy Attys. Gen., for appellee.

Before BARNES and MERRILL, Circuit Judges, and MURRAY, District Judge.

BARNES, Circuit Judge.

Appellant filed in the district court below a petition denominated "Motion for a Subpoena Duces Tecum." The district court treated the petition as one for a writ of habeas corpus, and denied it on the ground that three previous petitions by Sullivan had been presented to the

same court and denied. The district court refused to issue a certificate of probable cause on appeal, but a certificate of probable cause was heretofore granted by this Court.

On June 9, 1960, after the brief of appellee had been filed, but before filing of appellant's closing brief, Sullivan filed in this Court a petition for the writ of habeas corpus addressed to "Judge Stephens or to any district court judge." This was denied by this Court on June 14, 1960.

Thus the only docketed matter before the Court at this hearing is the refusal of the court below to grant the "Motion for a Subpoena Duces Tecum."

Appellant was convicted in the state courts in two separate trials of the crime of rape. The first allegedly was committed on January 30, 1949; the second crime allegedly having been committed (while appellant was awaiting trial on the first offense) on March 28, 1949. Both convictions were affirmed on appeal. People v. Sullivan, 96 Cal.App.2d 742, 216 P.2d 558, People v. Sullivan, 101 Cal.App. 2d 322, 225 P.2d 645. A hearing on the merits of the first affirmance was denied by the California Supreme Court on April 27, 1950. No attempt was made by petitioner to secure a hearing of his second conviction in the California Supreme Court. Appellant has filed petitions for habeas corpus in the California Supreme Court (denied November 5, 1951, and August 8, 1956), and three times in the federal district courts, all of which petitions have been denied without hearing. And see United States ex rel. Sullivan v. Heinze, 9 Cir., 217 F.2d 955, decided December 29, 1954, and United States ex rel. Sullivan v. Heinze, 9 Cir., 250 F.2d 427, decided November 19, 1957.

The principal burden of the present petition is that the prosecuting attorney, in collaboration with corrupt defense counsel, deliberately suppressed evidence indicating appellant's innocence. The evidence allegedly suppressed consists of medical examinations of the prosecuting witnesses in the rape trials. It is alleged that the medical examinations made shortly after the attacks were negative for sperm, and indicated no abrasions or other injury in the vaginal area though one of the witnesses professed to have been a virgin. The evidence is allegedly now in the control of Dr. Ellis D. Sox, Director of the Department of Public Health of the City and County of San Francisco. Appellant has not been permitted to examine this evidence, and petitions in the state courts directed at Dr. Sox have been denied.[1]

The relief requested in the petition filed below is that Dr. Sox be directed to send copies of the medical examinations to appellant for examination and presentation in the district court. The evidence is alleged to be pertinent to habeas corpus proceedings which petitioner had

---

[1]. Petitioner overlooks, in his allegations made in his present petition to the effect that Dr. Sox's records would prove he had not had intercourse with either of the complaining witnesses in the two actions in which he was convicted, that in the first of his two trials he admitted he had had intercourse with the second complaining witness but that this had been accomplished by reason of her consent thereto, according to the language of People v. Sullivan, 96 Cal.App.2d 742, at page 747, 216 P.2d 558, at page 561. Petitioner's answer to this statement of fact by the appellate court is that it is inaccurate, due to fraud on the part of that court.

Appellant also overlooks the statement of the appellate court in the second case, made in response to petitioner's position on appeal, that "the testimony of the persons who made laboratory tests of specimens taken at the examination * * * 10 to 12 hours after the alleged assault" had been suppressed, "that appellant knew of the existence of such evidence, and it does not appear he could not have adduced it himself had he desired."

Petitioner's answer to this is that his attorney conspired to defraud him.

Neither case involved the identity of the defendant. An able judge of long experience on the Appellate Court of California states, of the first conviction: "This was not a close case, nor was it dependent on circumstantial evidence." On his second trial, petitioner denied the rape, but a second experienced appellate judge stated: "There was evidence that amply supported the verdict."

*prepared* for filing, *and was about to file,* in the district court. At the time the motion was denied by the district court there was no such petition on file. The district court treated the motion as a petition for a writ of habeas corpus, and denied it on the authority of the three previous petitions denied in the same court.

Along with the motion for a subpoena, appellant filed an affidavit of exhaustion of state remedies. This affidavit, some of which is controverted by appellee, indicates that petitioner has *not* in fact exhausted his state remedies, but alleges that he has not done so because he has been physically prevented by state prison officials from doing so. Specifically, it is alleged that he has been ill, that the state has on numerous occasions refused to mail his petitions to the courts, that it has not allowed petitioner to communicate with outsiders for long periods of time, and has held him incommunicado without access to writing materials for filing writs of *certiorari* in the United States Supreme Court until the time for filing has run out.

The parties treat the issues before us as (1) the propriety of the denial of the petition for a writ of habeas corpus on the authority of previous denials because of the failure to raise a federal issue, and (2) exhaustion of state remedies.

It would seem impossible for this Court to approve or disapprove the grounds relied upon by the district court, since the petitions which were previously denied are not a part of the present record.

■ Aside from such grounds, the motion asks relief which cannot be granted. In relief sought, it resembles more than anything else a motion for production and inspection of documents under Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A. But such a motion is available only when the documents in question are in the possession of a *party*, not in the control of a potential witness, as Dr. Sox must be characterized. Thus there is no mechanism in federal civil procedure by which the relief requested, inspection, can be granted in the absence of a pending proceeding. And since the only cause of action which Sullivan may have in the federal courts is petition for a writ of habeas corpus, Dr. Sox is not possibly a potential party to such action, not waiving custody of Sullivan.

■ Again giving the motion a liberal reading, access might be had to the documents sought by considering the motion as a request for issuance of a subpoena duces tecum under Rule 45(b) of the Federal Rules of Civil Procedure, if a proceeding were pending. If considered as such, if a proceeding were pending, the only relief possible would be the production of the documents at a hearing, or at the taking of a deposition of the custodian. Sullivan is in no position to take depositions, but if a hearing were to be granted him on a petition for a writ of habeas corpus, an attorney might seek such a deposition. Fed.R.Civ.P. 27(c), 30. If it were arranged, a subpoena duces tecum would issue as a matter of right. The burden of quashing is on the person to whom the subpoena is directed.

What petitioner apparently sought to accomplish with the motion is what he failed to accomplish in the state court by writ of mandate, i. e., to require Dr. Sox to divulge the documents which Sullivan alleges are public records.

■ We are required to affirm the judgment of dismissal below, but on the grounds that the relief requested is not available in this proceeding.

This disposition seems fair to Sullivan, since no substantive issues are passed upon on this appeal, and he therefore is not prejudiced by reason of not having counsel at the hearing and not being present to argue it himself. With the record in the present state, we do not pass on any issues which may or may not arise on a subsequent petition below, if any.

The appeal is dismissed, without prejudice.