Jack **GOODMAN**, Paramount Ice Cream
Corp. and Frigid Process Co.,
Appellants,

v.

**UNITED STATES** of America, Manuel L.
Real, United States Attorney, Robert H.
Lund, Chief Intelligence Division, Internal Revenue Service, Frederick C. Nielsen, Special Agent, Internal Revenue
Service, David Stutz, Special Agent, Internal Revenue Service, and Keith M.
Loebig, Internal Revenue Agent, Internal Revenue Service, Appellees.

No. 20811.

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1966.

Rehearing Denied Dec. 29, 1966.

Walter Weiss, of Goodson & Hannam,
Los Angeles, Cal., for appellants.

Richard C. Pugh, Act. Asst. Atty.
Gen., Lee A. Jackson, Meyer Rothwacks,
John M. Brant, Attys., Dept. of Justice,
Washington, D. C., Manuel L. Real, U.
S. Atty., Dzintra I. Janavs, Los Angeles,
Cal., for appellees.

Before CHAMBERS, BARNES and
ELY, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal in a civil action by which appellants sought the return of certain documents, and to suppress evidence. The United States District Court for the Southern District of California, Central Division, accepted jurisdiction under 28 U.S.C. § 1331(a), but dismissed the complaint on the merits. The jurisdiction of this court has been put in issue. It is alleged by appellants to rest on 28 U.S.C. § 1291.

## I. STATEMENT OF FACTS

Prior to March, 1962, one James Pinkerton was the sole owner of Paramount Ice Cream Company (Paramount). About then he sold his interest to the appellant Goodman. At all times relevant Mr. Goodman was the sole owner of the Frigid Process Company (Frigid).

During April of 1964, the Internal Revenue Service, while in the process of investigating the former owner of Paramount, Mr. Pinkerton, requested to inspect certain of Paramount's records. The request was directed to Mr. Goodman who acceded to it.

During November, 1964, one Special Agent of the Internal Revenue Service inquired into Mr. Goodman's returns with respect to one item, but found that the item in question was properly treated by Goodman. On December 18, 1964, Internal Revenue Service agents visited Mr. Goodman and obtained Paramount's post-1962 records, giving a receipt indicating that the items were taken in regard to Mr. Pinkerton. On December 21, 1964, the agents returned. They say they informed Mr. Goodman that he was the subject of an investigation. This he denies. They also requested inspection of his personal cancelled checks. Records other than the checks were taken that day, and the receipt again indicated that the subject of the investigation was Mr. Pinkerton. On December 23, 1964, the agents returned to get Mr. Goodman's checks. The evidence is in conflict as to whether there was any warning given to Mr. Goodman about his constitutional rights.

The agents visited Frigid on and after December 30, 1964, and obtained therefrom certain records.

Mr. Goodman, Paramount and Frigid brought this action on November 8, 1965, seeking to compel the return of all these records, to suppress their use as evidence, and to enjoin the government from seeking an indictment based upon them.

The court below found that it had jurisdiction, concluded that there was no violations of the appellants' constitutional rights and dismissed the complaint, which prompted this appeal.

The fundamental premise of the appellants' case is that by a scheme of fraud and deception the government agents induced them to surrender their records. Such a scheme being unlawful, they argue, the taking of the records was violative of the Fourth Amendment.

## II. JURISDICTION

■ The government contends that this court is without jurisdiction of the appeal because the decision of the trial court was not a final order within 28 U.S.C. § 1291. Appellants' burden in overcoming this proposition is substantial in view of this court's decision in Hill v. United States, 346 F.2d 175 (9th Cir. 1965), cert. denied 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965). Appellants refer to *Hill* as mere dictum, but we feel it is entitled to full analysis and consideration.

In that case, Dr. Hill was the subject of an investigation by the Internal Revenue Service. He cooperated with the agents by producing his business and personal records. He was at one point warned of his constitutional rights, but continued to cooperate. Later he contended that the taking of the records was prohibited as an unlawful seizure, and brought suit to have them returned and suppressed as evidence. The government made copies, and, pursuant to an agreement with Dr. Hill, returned the originals. The court refused to order the evidence suppressed, and Dr. Hill attempted to appeal to this court.

We dismissed Dr. Hill's appeal because we found the lower court's order was not final. The rationale of our decision was that since all the records sought by Hill had been returned to him, the only question on appeal was whether the denial of suppression was proper. Appellants do not challenge the fact that an order which denies suppression only is not final, they rest their right to appeal on the contention that, although all of the originals have been returned to them, they still seek the return of any copies of those records.

The copies in Hill v. United States, supra, were kept by the government with the apparent consent of Dr. Hill. Therefore we could correctly say that Dr. Hill was seeking no property, but merely suppression. In the present case appellants contend that they are outside *Hill* because they have a right to claim the copies in addition to the originals.

■ Assuming, arguendo, that the searches or seizures were unlawful, we must consider whether the copies must be returned to the appellants in addition to the originals. We hold that they must.

"The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all." Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Following this holding, Judge Learned Hand in United States v. Kraus, 270 F. 578 (S.D.N.Y.1921), ruled that copies must be returned along with the originals if the Fourth Amendment is to mean anything, and this court, and others, have followed that rule. Boren v. Tucker, 239 F.2d 767 (9th Cir. 1957); In re Sana Laboratories, Inc., 115 F.2d 717 (3rd Cir. 1940), cert. denied sub. nom. Sana Laboratories v. United States, 312 U.S. 688, 61 S.Ct. 615, 85 L.Ed. 1125 (1941); United States v. Pack, 146 F. Supp. 367 (D.Del.1956), appeal dismissed, 247 F.2d 168 (3rd Cir. 1957).

Since the appellants still seek the return to them of property, this case is outside the rule of Hill v. United States, supra. "The 'essential character and the circumstances under which it is made' determine whether a motion is an independent proceeding or merely a step in the criminal case." Carroll v. United States, 354 U.S. 394, 405, n. 17, 77 S.Ct. 1332, 1338, 1 L.Ed.2d 1442 (1957). If an independent proceeding, it is appealable. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); United States v. Ponder, 238 F.2d 825 (4th Cir. 1956).

Common sense tells us that this is not merely another step in a criminal case for the simple reason that there is, and has been, no criminal case pending in any stage. "Where no criminal action against him is pending at the time the moving party institutes a proceeding to suppress evidence, the proceeding is considered an independent suit in equity and the court's order therein is appealable as a final decision." United States v. Rosenwasser, 145 F.2d 1015, 156 A.L.R. 1200 (9th Cir. 1944). In Hill, we noted that Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), had added the requirement that the movant or petitioner be seeking the return of property in addition to suppression. But as shown above, the appellants are entitled to have the copies turned over to them, as they requested, if the searches or seizures are found to have violated the Fourth Amendment.

Therefore we conclude that the order of the court below was final and that this court has jurisdiction of the appeal under 28 U.S.C. § 1291.

### III. THE SUBPOENAS

Appellants attempted to subpoena certain documents in the custody of the Internal Revenue Service. After objection, these subpoenas were restricted and limited to a few documents. These modified subpoenas were quashed by the trial court without specifying any reason therefor. (R.T. 400–01.) The quashing has been specified as error by the appellants.

■■ The right to subpoena the documents in question is grounded in Rule 45(b) of the Federal Rules of Civil Procedure. Rule 45(b) authorizes the court to quash the subpoena only if it is unreasonable and oppressive. The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed. Sullivan v. Dickson, 283 F.2d 725 (9th Cir.1960), cert. denied 366 U.S. 951, 81 S.Ct. 1906, 6 L.Ed.2d 1243 (1961). Although the trial court gave no reasons for quashing the subpoenas, we must assume that he did so because he found them to be unreasonable and oppressive.[1] Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, our inquiry is limited to finding out whether the ruling was clearly erroneous.

■ No evidence to support the ruling has been shown us, and we can find none in the record. Primarily the government merely claims that the documents requested were irrelevant "because it was completely unreasonable to expect the proposed fishing expedition would produce any relevant evidence." (Appellees' Brief, p. 39.) This apparently implied that the subpoenas are therefore unreasonable. But one of the purposes advanced by the appellants below (C.T. 107) was that they would have evidence which might, by implication, impeach the testimony of certain government witnesses. It is improper to say that impeaching testimony is irrelevant; and particularly so before any such evidence is examined. The appellants' contention of fraudulent scheming on the part of the Internal Revenue Service agents might reasonably be expected to be either sustained or demolished by the written records of what transpired during December of 1964. The government apparently concedes that if the records were obtained pursuant to a scheme of deception and fraud the seizures were unlawful as violative of the constitutional rights of the appellants. (Appellees' Brief, p. 31.) To say that the records which might sustain such contention are irrelevant and immaterial flies in the face of reason.

The amount of documents requested is disputed—someplace between "one folder or something" (R.T. 190), and "a couple of large file cabinets" (C.T. 57). Appellants offered to defray the cost of abiding the subpoenas. (R.T. 15. Cf. also Rule 45(b) (2).) All that has been offered by the government appears to be the opinions and conclusions of counsel. (E. g., R.T. 165–68.) There is nothing to sustain the claim that the subpoenas were oppressive.

■ Below the government alluded to a claim of privilege which it might invoke if the subpoenas were not quashed. Per se, this is no reason for quashing the subpoenas. No such claim has been presented to this court. The uncertain assertion that some "might be work product, some [of] which the Commissioner may want to seek a privilege on" (R.T. 165) is not strongly persuasive. Documents of equal status were held not to be privileged in United States v. San Antonio Portland Cement Co., 33 F.R.D. 513 (W.D.Tex.1963).

We find neither reason nor evidence to sustain the district court's quashing of the subpoenas, and we hold that ruling was clearly erroneous. We need not, and do not, express any opinion on the constitutional questions raised by the appellants.

The judgment is reversed and the case remanded for further proceedings.

---

1. We are reinforced in the assumption by the fact that the question of their reasonableness and oppressiveness, or the lack of them, were argued orally, and supplemented with points and authorities by each side. (R.T. 165–68, 185–93; C.T. 56–60, 106–113.)