**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas E. WOODSON, Defendant-Appellant.**

**Nos. 73-2069, 73-2208.**

United States Court of Appeals, Ninth Circuit.

Dec. 18, 1973.

R. R. Bob Greive (argued), of Greive & Law, Seattle, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty., J. Ronald Sem, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

OPINION

Before DUNIWAY and WALLACE, Circuit Judges, and WOLLENBERG,* District Judge.

WOLLENBERG, District Judge:

Petitioner is currently under indictment in the Western District of Washington, Docket No. 176–73D2, charged with violations of the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801 et seq. He has not been tried and is here appealing an adverse decision on his pre-indictment motion for the return and suppression of certain evidence seized from his office.

█ Except under certain circumstances [See 28 U.S.C. § 1292 and DiBella v. United States, 369 U.S. 121, 124–125, 82 S.Ct. 654, 7 L.Ed.2d 614

---

* Honorable Albert C. Wollenberg, United States District Judge, Northern District of California, sitting by designation.

(1962)], this Court may consider appeals only from decisions which are "final" and may not hear appeals from interlocutory orders. 28 U.S.C. § 1291. Prior to DiBella v. United States, *supra,* there was a division of authority among the federal circuits over whether an order denying a pre-indictment suppression motion was a final decision under § 1291. *DiBella, supra,* at 123–124, 82 S. Ct. 654. In *DiBella* the Supreme Court resolved that conflict by asserting the federal policy against piecemeal review of lower court decisions [*See DiBella, supra,* at 124, 82 S.Ct. 654 and Wright, *Federal Courts* 452 (2d ed. 1970)] and held that such rulings are not appealable.

The Supreme Court has recognized two exceptions to the *DiBella* rule. Lower court rulings may be appealed if the motion was solely for the return of property and was not "tied to a criminal prosecution *in esse* against the movant . . . ." 369 U.S. at 131–132, 82 S.Ct. at 660; Freedman v. United States, 421 F.2d 1293, 1295 (9th Cir. 1970); Goodman v. United States, 369 F.2d 166, 168 (9th Cir. 1966). A further exception has been recognized if a denial would render any review impossible. United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971).

 Appellant in the instant case comes under neither exception to the *DiBella* rule. The ruling he seeks to appeal was not solely for the return of property. It was entitled "MOTION FOR THE RETURN OF SEIZED PROPERTY AND THE SUPPRESSION OF EVIDENCE". This caption suggests that the motion was made in anticipation of criminal proceedings.

> "The 'essential character and the circumstances under which it is made' determine whether a motion is an independent proceeding or merely a step in the criminal case."

Goodman v. United States, *supra,* 369 F.2d at 168, *quoting* Carroll v. United States, 354 U.S. 394, 405, n. 17, 77 S.Ct. 1332, 1338, 1 L.Ed.2d 1442 (1957).

The ruling appellant seeks this Court to review is not so unrelated to a criminal proceeding as to be independent of that proceeding and, therefore, reviewable. Goodman v. United States, *supra,* 369 F.2d at 168. Furthermore, assuming appellant's case proceeds to trial, he will have an opportunity to renew his suppression motion and, if he properly protects the record, to seek appellate review of an adverse ruling should that become necessary.

The district court's denial of appellant's motion is not a final decision under 28 U.S.C. § 1291, and this Court is, therefore, without jurisdiction to review it. Accordingly, the appeal is dismissed.