The OFFICES OF LAKESIDE NON-FERROUS METALS, INC., 412 Madison, Oakland, California, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

LAKESIDE METALS, INC., a corporation, Battery Salvage Corporation, a corporation, Lester B. Finkel, an individual, Plaintiffs-Appellants,

v.

UNITED STATES of America, Anthony B. Romano, Bing O. Ott, Stephen Schecter, Nancy Reller, Richard Carl, Dave Smith, Jose Mendez, Bob Quigley, Baron Fong, Dennis Hanson, Elmer Brown, Steve Pasholk, and Unknown Individuals Who are Representatives of the United States of America Having a Connection With the IRS Search of the Premises Known as 412 Madison Street, Oakland, California, on May 26, 1981, Defendants-Appellees.

No. 81–1634.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1982.

Decided June 14, 1982.

Martin A. Schainbaum, San Francisco, Cal., for petitioner-appellant.

Daniel Ross, Asst. U. S. Atty., San Francisco, Cal., argued, for respondent-appellee; Robert E. Lindsay, James P. Springer, Washington, D. C., on brief.

Before SWYGERT,* KENNEDY, and ALARCON, Circuit Judges.

KENNEDY, Circuit Judge:

Pursuant to a search warrant, the Government seized books and records from appellant's business offices, and for over eleven months the materials seized have been held by special agents of the Internal Revenue Service, although copies of all materials seized have been furnished to appellant. These are consolidated appeals. The first is from a summary judgment in favor of the Government in a suit brought by appellant for civil damages and injunctive relief arising from an allegedly unlawful search and retention of the property. The second appeal is from the district court's order denying appellant's motion to unseal the affidavit or, in the alternative, for return of the seized property.

■ The district court properly granted the Government's motion for summary judgment in appellant's civil suit. The affidavits of the Government and the appellant demonstrate that there are no disputed material issues of fact; they show the search was legal, and the agents acted in good faith, thereby entitling them to immunity.

■ The trial court's ruling on the motion to unseal the affidavit or in the alternative to return the property is, under the circumstances of this case, appealable, as we assume appellant principally seeks return of the property. *VonderAhe v. Howland,* 508 F.2d 364, 368 (9th Cir. 1974); *Goodman v. United States,* 369 F.2d 166, 167–68 (9th Cir. 1966). To the extent the motion seeks suppression of the evidence, the motion is only a step in the criminal process and is not appealable. *See Meier v. Keller,* 521 F.2d 548, 556 (9th Cir. 1975), *cert. denied,* 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976); *cf. Goodman, supra.*

■ The district court has inherent power to seal affidavits filed with the court in appropriate circumstances. *In re Sealed Affidavit(s) to Search Warrants,* 600 F.2d 1256 (9th Cir. 1979). When this procedure is used, however, the Government has the obligation to conduct its investigation with

---

* Honorable Luther M. Swygert, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

diligence, for under any other interpretation the Government, having all of its evidence under seal, might be inclined to delay proceedings, rather than to expedite them.

We affirm the trial court's rulings on the motion, but note that it should exercise its continuing jurisdiction to ensure that the Government's investigation proceeds with diligence and to protect the rights of the appellant, which become more critical with the passage of time. In this case we cannot say appellant has demonstrated much hardship to it by reason of the seizure, inasmuch as copies of all materials have been furnished to it. This is a factor in the trial court's required balancing of the Government's interest in secrecy against a temporary loss to the movant of his property. *Shea v. Gabriel*, 520 F.2d 879, 882 (1st Cir. 1975). The case is remanded to the trial court forthwith so that it may continue to exercise its jurisdiction under the standards here set forth. The summary judgment which is the subject of the appeal from No. C 81–2811 is affirmed; the case in No. CR 81–101–MISC is remanded to the district court.