838 F.2d 1209
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond D. CA'PALDO, III, a/k/a D.H. Williams, Petitioner-Appellant,
v.
DEPARTMENT OF WELFARE OF STATE OF WEST VIRGINIA, Respondent-Appellee.
 No. 87-7700.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1987.
Decided: Feb. 1, 1988.
 
 Raymond D. Ca'Paldo, III, appellant pro se.
 Before WIDENER, K.K. HALL, and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond D. Ca'Paldo a.k.a. David H. Williams, a New Jersey inmate, seeks a subpoena duces tecum in anticipation of filing a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254. He seeks to obtain certain records allegedly in the possession of the Department of Welfare of the State of West Virginia.
 
 
 2
 We find the district court properly denied Ca'Paldo's motion. Ca'Paldo seeks access to certain documents so that he may prepare for a Sec. 2254 motion to be filed at a later date. However, a court can issue a subpoena under Fed.R.Civ.P. 45 only if it has a proceeding pending before it. Sullivan v. Dickson, 283 F.2d 725 (9th Cir.1960), cert. denied, 366 U.S. 951 (1961); Taylor v. Litton Medical Products, Inc., 19 Fed.R.Serv. 2d 1190 (D.Mass.1975). In Sullivan, a case almost factually identical to the case at hand, the court held that "there is no mechanism in federal civil procedure by which the relief requested, inspection, can be granted in the absence of a pending proceeding." Sullivan, 283 F.2d at 727. Because Ca'Paldo does not have an action pending in the district court, he is not entitled to a subpoena under Rule 45.
 
 
 3
 Even if Ca'Paldo's motion were very liberally construed as a petition for habeas corpus pursuant to Sec. 2254, it was still properly dismissed by the district court for at least two reasons. First, Ca'Paldo is not in the custody of the respondent, the West Virginia Department of Welfare. Second, Ca'Paldo is in custody in New Jersey and, therefore, the district court lacked jurisdiction to entertain his petition. 28 U.S.C. Sec. 2241(a).
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court dismissing the motion without prejudice.
 
 
 5
 AFFIRMED.