**In re Alberto DUQUE, Debtor.**

**Bankruptcy No. 83–00903–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

May 7, 1993.

Roma W. Theus, II, Holland & Knight, Miami, FL, Joel Weiss, Esanu, Katsky, Kornis & Siger, New York City, Ronald G. Neiwirth, Miami, FL, for trustee, Paul Nordberg.

Benson B. Weintraub and Benedict P. Kuehne, Sonnett Sale & Kuehne, P.A., Crim. Counsel, Sandy Karlan, Miami, FL, Bankruptcy Counsel, for Alberto Duque.

Carlos Rodriguez, Previous Atty., Miami, FL, for debtor.

## ORDER ON REMAND GRANTING WEINTRAUB'S, RODRIGUEZ'S AND KARLAN'S MOTION TO QUASH SUBPOENAS *DUCES TE-CUM*

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE was heard March 10, 1992 and April 15, 1992 on remand from the

United States District Court for the Southern District of Florida.

On October 11, 1991, the District Court vacated an order by a visiting judge which denied Benson Weintraub's and Carlos Rodriguez's motion to quash the subpoenas *duces tecum* served upon them by Paul Nordberg, the trustee of Alberto Duque's bankruptcy estate. *In re Duque*, 134 B.R. 679 (S.D.Fla.1991). Weintraub was then, and remains, criminal defense counsel for Alberto Duque (the "Debtor"). Rodriguez was then, but is no longer, criminal defense counsel for the Debtor. Weintraub and Rodriguez objected to the subpoenas *duces tecum* on the grounds that:

a) the information sought is not needed and is available from reasonable alternatives; and

b) they impermissibly infringe on the— [1]

1) Sixth Amendment right to counsel,

2) Fifth Amendment privilege against self-incrimination,

3) attorney-client privilege,

4) work-product privilege, and

5) ethical obligation to guard client confidences.

Around the time of the District Court's decision, the Debtor retained Sandy Karlan as bankruptcy counsel. Karlan was served with a subpoena *duces tecum* similar to those served on Weintraub and Rodriguez and has objected for similar reasons. Thus, Karlan's objections are considered herein. On remand, this Court was ordered to

determine whether the subpoenas are unreasonable and oppressive within the meaning of Rule 45(b), Federal Rules of Civil Procedure; in making this determination, the court shall balance the trustee's interest in procuring the information against the burden imposed by appellants' [(Weintraub, Rodriguez, and now Karlan)] compliance with the subpoenas, considering, *inter alia*, the need for and unavailability of the information and the

---

1. The District Court found the subpoenas facially valid as to the following grounds. 134 B.R. at 687–88.

danger inherent in subpoenaing criminal counsel regarding clients' affairs. 134 B.R. at 688.

■ Former Fed.R.Civ.P. 45(b),[2] on which the District Court based its decision, provided that a court "may (1) quash or modify [a] subpoena if it is unreasonable and oppressive." In December of 1991, Rule 45 was amended and now provides, in relevant part:[3]

(c)(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

The changes to Rule 45 do not appear to materially affect this Court's duties on remand as a similar type of balancing of the parties' interests occurs under both the old rule ("unreasonable and oppressive") and the new rule ("subjects a person to undue burden"). Although Weintraub, Rodriguez and Karlan (the "Attorneys") argue otherwise, case law clearly indicates that the party seeking to quash a subpoena has a heavy burden of proof.[4]

■ According to the Trustee, the purpose of the subpoenas is to gather information regarding the origin of the fees paid to the Attorneys for their representation of the Debtor (the "information sought"). The Trustee argues that the information sought is necessary for him to fulfill his duties as trustee pursuant to 11 U.S.C. § 704 since property of the estate may have been used to pay the Attorneys' fees. Moreover, the Trustee argues that since the Debtor's criminal sentence did not include restitution, public policy particularly favors disclosing the information sought. Apparently, the judge in the Debtor's criminal case relied, in part, on this Court to compensate those financially affected by the Debtor's criminal acts.[5]

The Attorneys argue that their interests in not being subpoenaed outweigh the Trustee's need for the information sought since the information sought is, allegedly, not needed and is available from a reasonable alternative. At a deposition of the Debtor by the Trustee, the Debtor swore that his Attorneys' fees have been paid by his family.[6] Thus, the Attorneys argue that the Trustee has an adequate answer with regard to the information sought. The Duque Attorneys argue that the information sought is reasonably available through discovery in a Colombian action commenced by the Trustee against the Debtor, certain family members and certain entities.

2. The corresponding bankruptcy rule is F.R.Bankr.P. 9016.

3. The "Notes of Advisory Committee on December 1991 amendment of Rule [45]" state, in relevant part:

The purposes of this revision are (1) to clarify and enlarge the protection afforded persons who are required to assist the court by giving information or evidence.

Subdivision (c). This provision is new and states the rights of witnesses. It is not intended to diminish rights conferred by Rules 26–37 or any other authority. Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c).

4. See, e.g., Kostelecky v. NL Acme Tool/NL Industries, 837 F.2d 828, 833 (8th Cir.1988); Truswal Systems Corp. v. Hydro–Air Engineering,

Inc., 813 F.2d 1207, 1210 (Fed.Cir.1987); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C.Cir.1984); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); Sullivan v. Dickson, 283 F.2d 725, 727 (9th Cir.1960), cert. denied, 366 U.S. 951, 81 S.Ct. 1906, 6 L.Ed.2d 1243 (1961).

5. See Judgment and Probation/Commitment Order, No. 84–777–Cr–PAINE, entered May 7, 1986 by the United States District Court for the Southern District of Florida ("ORDERED AND ADJUDGED that in accordance with the Victim/Witness Protection act of 1982, the Court recognizes the outstanding financial losses of various victims. However, in the light of bankruptcy and civil litigation pending and the complexity of the matter, an order on restitution would have minimal practical impact.").

6. This deposition took place in August and September of 1989 which was before Karlan became bankruptcy counsel for the Debtor. Thus, the Debtor's responses therein do not show the origin of the funds used to pay Karlan's fees.

Responding to the Attorneys' argument that the information sought is not needed, the Trustee argues that the credibility of the Debtor's deposition answers is dubious at best given this Court's and other courts' experiences with him. Moreover, the Trustee argues, even if the fees were directly paid by the family, they might have been paid indirectly (via financial conduit) with property of the estate. Responding to the Attorneys' argument that the information sought is reasonably available from the Colombian action, the Trustee relies on an affidavit of Keith S. Rosenn, a Professor of Law and both Director of the Foreign Graduate Law Program and the Masters Program in Inter–American Law at the University of Miami Law School, as evidence that this action is not an alternative source of the information sought.

This Court is not persuaded by Keith S. Rosenn's affidavit as to the unavailability of discovery in the Colombian action. Rosenn concludes that "no discovery to locate a defendant's assets will be available in exequatur proceedings before the Civil Cassation Chamber of the Colombian Supreme Court." However, Rosenn stops short of making a similar conclusion as to the unavailability of discovery at the next step in the judgment domestication process, viz., "the court of first instance in Bogota." Further, the Trustee may ask the Debtor to produce copies of the checks transmitted to the Attorneys.[7] Clearly, there are other avenues of inquiry open to the Trustee.

 This Court is deeply concerned over the danger inherent in subpoenaing criminal defense counsel regarding clients' affairs. This Court has considered this danger and has concluded that the basic idea of attacking an opponent by dragging his or her attorney into the fray is offensive. The chilling effect of hauling in attorneys engaged in the performance of their constitutional duties of providing a counsel under the Sixth Amendment of our constitution should only be allowed under the most extraordinary circumstances. The allegations of the Trustee that property of the estate may have been used to pay the Attorneys' fees is not enough. The Trustee is to be commended for his zeal in his efforts to perform his duties. But in this case, violence to a constitutional right will not be done in the name of good intentions. There are other means for the Trustee to obtain the information he needs. Accordingly, it is

**ORDERED** that Weintraub's, Rodriguez's and Karlan's motions to quash subpoenas *duces tecum* are granted.

**DONE AND ORDERED.**

---

**7.** If the Debtor responds that the Attorneys were paid in cash, then the entire matter might be subject to further review.