**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Iouri MIKHEL, Defendant—Appellant.**

**No. 06–50014.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2006.*

Filed Aug. 25, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Susan J. Dewitt, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Richard M. Callahan, Jr., Esq., Pasadena, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

### MEMORANDUM **

■ **1.** On interlocutory appeal, we have jurisdiction to hear claims of denial of privilege. *United States v. Griffin,* 440 F.3d 1138, 1141–42 (9th Cir.2006). Denial of a motion to suppress, however, is not an appealable final order. *Carroll v. United States,* 354 U.S. 394, 405, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *United States v. Becker,* 929 F.2d 442, 444 (9th Cir.1991). Our jurisdiction to hear Mikhel's claim regarding privilege cannot breathe life into his suppression claim. *Cf. United States v. Woodson,* 490 F.2d 1282, 1283 (9th Cir. 1973) (no jurisdiction to hear suppression claim, when coupled with otherwise reviewable motion to return property, because motion was "not so unrelated to a criminal proceeding as to be independent of that proceeding"). We thus lack jurisdiction over Mikhel's appeal, insofar as he challenges the district court's suppression ruling. *See* 28 U.S.C. § 1291.

■ **2.** "The joint defense privilege is an extension of the attorney-client privilege." *United States v. Henke,* 222 F.3d 633, 637 (9th Cir.2000) (per curiam). The privilege normally shields communications between co-defendants and their attorneys. *See Waller v. Financial Corp. of Am.,* 828 F.2d 579, 583 n. 7 (9th Cir.1987). Even if we assume that the joint-defense privilege shields some communications between co-defendants made outside of counsel's presence, it would apply only if the communications were made pursuant to specific instructions by the lawyer. *Cf. United States v. Gurtner,* 474 F.2d 297, 298–99 (9th Cir.1973) (existence of attorney-client privilege depends upon whether communication is made to a person acting on behalf of the lawyer).

The district judge found that Mikhel's letter to his co-defendant was not written at the behest of his lawyer. Mikhel does not now challenge this finding. The district court thus didn't err in holding the letter unprotected by the joint-defense privilege.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

DISMISSED IN PART AND AF-FIRMED IN PART.