The REGENTS OF the UNIVERSITY OF CALIFORNIA, Plaintiff,

v.

Dr. David E. KOHNE, an individual, and Gen–Probe, Inc., Defendants.

No. 93–1539 J (CM).

United States District Court, S.D. California.

April 24, 1996.

Robert Berliner, Robbins, Berliner and Carson, San Diego, CA, for Regents of the University of California.

F.T. Alexandra Mahaney, Douglas E. Olson, Richard J. Warburg, Robert W. Dickerson, Lyon and Lyon, La Jolla, CA, for David

E. Kohne, Ph.D., an individual defendant and Gen–Probe, Inc.

## ORDER VACATING MAGISTRATE'S DISCOVERY ORDER AND REQUIRING FURTHER BRIEFING

JONES, District Judge.

### I. INTRODUCTION

Defendants Gen–Probe, Inc. and David Kohne request this Court to overturn the ruling of Magistrate McKee granting third-party Norval Galloway's Motion to Quash Subpoena, and imposing sanctions. For the reasons stated below, the Court vacates the Magistrate's Order and orders the parties to submit further briefing to this Court in order to permit a final decision on this motion.

### II. STANDARD OF REVIEW

On review of a nondispositive pretrial matter, the Court may only "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

### III. DISCUSSION

Federal Rule of Civil Procedure 45(c)(3)(A)(ii) provides that a non-party who neither "resides, is employed, or regularly transacts business in person" within 100 miles of the place they are commanded to appear may move to have the court "quash or modify" the subpoena.

■ Defendants argue that the Magistrate should have interpreted the "regularly transacts business in person" language of Rule 45 as calling for the same analysis that courts engage in to determine whether a party should be subject to the jurisdiction of a state for purposes of specific jurisdiction. *See Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1297 (9th Cir.1977). Plaintiffs argue that the "regularly transacts business in person" language should be interpreted as calling for the analysis courts engage in to determine whether a party may be subjected to the general jurisdiction of a state. *See Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir.1986) (describing general jurisdiction). The Court disagrees with both sides, and holds that "regularly transacts business in person" means just what it says.

■ Jurisdictional analysis is inappropriate for analyzing Rule 45 because it responds to an entirely different set of concerns. In considering specific or general jurisdiction, courts ask under what circumstances would due process permit a state to enforce its laws over a party. This analysis is driven by concerns both as the reasonable limits of the power of the state, and as to the requirement that a party be at least fairly on notice that its conduct would subject it to that state's laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–78, 105 S.Ct. 2174, 2181–85, 85 L.Ed.2d 528 (1984). In considering when a non-party witness may be commanded by subpoena to appear, however, the court does not consider the forum state's power or the notice to the witness, but only the burden to the witness of being required to physically appear. This is the only concern of Rule 45(c). *See* Rule 45, 1991 advisory committee note ("The purposes of this revision are (1) to clarify the protections afforded persons who are required to assist the court by giving information and evidence . . .").

The Federal Rules provide other options to the litigant seeking to introduce the testimony of a distant non-party. Reading these rules in harmony requires the conclusion that the language of Rule 45(c)(3)(A) should be read literally. Under the rules of evidence, prior deposition testimony may be allowed over a hearsay objection if the witness was "unavailable." Fed.R.Evid. 804(b)(1). "Unavailability" may be found when the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Fed. R.Evid. 804(a)(5). Federal Rule of Civil Procedure 32(a)(3) elaborates that this includes the situation in which a "the witness is at a greater distance than 100 miles from the place of trial." Consistent with these rules, Rule 45(c)(3)(A)(ii) should be interpreted to mean simply that one is at a greater distance than 100 miles when one neither "resides, is employed, or regularly conducts business in person" there.

The Magistrate's interpretation of the rule is the correct one. The Magistrate also correctly applied the rule: "regularly" does not mean ten times in seven years.

However, defendants also argue that the Magistrate incorrectly put the burden of proof upon them. The Court agrees with the defendants that the moving party bears the burden of proof. *See, e.g., Goodman v. United States,* 369 F.2d 166, 169 (9th Cir.1966). Neither the oral nor the written ruling of the Magistrate provide a clear basis for determining whether it correctly placed the burden of proof upon the moving party.

Further, the Court's review of the record indicates that the moving party presented insufficient evidence for the Magistrate to find the Rule inapplicable. Galloway submitted evidence that he was *employed* in Naperville, Illinois. *See* Decl. of John H. L'Estrange, Jr. in Supp. of Motion to Quash Galloway Trial Subpoena, Exhibit 2—September 27, 1994 Deposition of Norval Galloway, at 8 ("My office is in Naperville, Illinois at 55 Shuman Boulevard, Suite 600.").[1] The Magistrate would have been permitted to take judicial notice that Naperville, Illinois is over 100 miles distant from this courthouse. The Magistrate would also have been permitted to infer from this statement that Galloway *resided* over 100 miles from the courthouse. The Magistrate would not have been permitted to infer, however, that Galloway does not regularly transact business in person within 100 miles of this courthouse. Nothing in Galloway's deposition provides a basis for inferring that the nature of his employment does not regularly bring him within 100 miles of this courthouse.

The Court notes that proof of this final fact amounts to proof of a negative: that Galloway does *not* transact business within 100 miles of the courthouse. Accordingly, even a conclusory affidavit by Galloway providing factual information from which to make this determination would suffice to shift the burden of production to the opposing party to prove the falsity of this claim. For example, if Galloway had submitted an affidavit stating

the number of times, to his best recollection, that he had conducted business within 100 miles of this courthouse and a timeframe against which to compare that number, the Magistrate would have had ample evidence from which to make its determination. However, without such an affidavit, the finding that Galloway did not regularly conduct business within 100 miles of the courthouse had no factual support and was therefore clearly erroneous.

The Magistrate's Order is therefore vacated. Both parties are ordered to submit to this Court written briefs no longer than 10 pages, and further evidentiary showings, no later than April 29 at 9 a.m. The Court will rule on the matter within two days of receipt of these materials.

**IT IS SO ORDERED.**

---

1. This evidence was not the best evidence that could be submitted, for it requires the Court to infer that Galloway remains employed at that address despite the passage of time since the taking of the deposition. However, this inference is reasonable under the circumstances.