**Souleymanye M'BAYE, Plaintiff,**

v.

**NEW JERSEY SPORTS PRODUCTION, INC., d/b/a Main Events et al., Defendants.**

No. 06 Civ. 3439(DC).

United States District Court, S.D. New York.

Oct. 25, 2007.

Profeta & Eisenstein, by: Jethro M. Eisenstein, Esq., New York, NY, for Plaintiff.

Orloff, Lowenbach, Stifelman & Siegel, P.A., by: Laurence B. Orloff, Esq., Samuel Feldman, Esq., Roseland, NY, for Defendant New Jersey Sports Production, Inc., d/b/a Main Events.

Kirkpatrick & Lockhart Preston Gates Ellis, LLP, by: Robert N. Michaelson, Esq., Peter N. Flocos, Esq., New York, NY, for Frank Warren and Sports Network Ltd.

## MEMORANDUM DECISION

CHIN, District Judge.

On April 4, 2007, defendant New Jersey Sports Productions, Inc. served non-parties Frank Warren and Sports Network Limited ("SNL") with subpoenas. Defendant filed a motion for contempt on July 23, 2007, alleging Warren's failure to produce documents and appear for a deposition in New York, New York. Alternatively, defendant seeks to compel compliance with the subpoenas. Warren and SNL cross-moved on August 3, 2007 to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii).

For the reasons that follow, Warren and SNL's motion to quash is granted. Plaintiff's motion for contempt, or in the alternative, to compel compliance, is denied.

### FACTS

Warren is a resident and citizen of the United Kingdom and Chief Executive Officer of the British corporation SNL, which promotes boxer Souleymanye M'Baye, the plaintiff in this case. (Warren Mem. 3). SNL and Warren paid M'Baye's legal fees with the agreement that plaintiff share any damages award with them. (Def.Mem. 2).

According to Warren's affidavit, he traveled on business to New York only on four occasions between November 2005 and April 2007, for a total of approximately ten days.[1] (Warren Ex. A). He also traveled to Philadelphia on business from June 24–27, 2005. (Id.). Aside from these trips, Warren, his agents, and SNL's employees, who are located in the United Kingdom, conduct business in the United States predominantly by telephone and electronic communication. (Warren Mem. 3).

### DISCUSSION

#### A. Applicable Law

Federal Rule of Civil Procedure 30(b)(6) provides for the deposition of a private cor-

---

1. On the October 21 to 24, 2006 trip, Warren visited Florida and New York. He does not specify how many days he spent in each city, respectively. (Warren Ex. A). In any case, the maximum amount of days he could have stayed in New York during this trip is four days, which does not change the analysis.

poration, partnership, or association, including non-party organizations. When a party names such an entity in a subpoena, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed.R.Civ.P. 30(b)(6). Furthermore, a "subpoena shall advise a non-party organization of its duty to make such a designation." *Id.*

Rule 45(c)(3)(A)(ii) sets forth the procedure to compel the attendance of non-party witnesses. It also provides protection to a non-party served with a subpoena by directing courts to "quash or modify the subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Fed.R.Civ.P. 45(c)(3)(A)(ii).

### B. *Application*

It is undisputed that Warren is not a party or an officer of a party in this action. Defendant also does not raise the claim that SNL has failed to designate an officer, director, or other representative to testify on its behalf. Rather, defendant moves the Court to compel the deposition of Warren individually and as an officer of SNL. (Def.Mem. 3).

The two issues thus presented are (1) whether Warren's payment of M'Baye's legal fees strips him of Rule 45's protection of non-party witnesses subject to subpoenas; and (2) whether Warren's business communications with persons in New York, as well as his business travels to New York and Philadelphia between 2005 and 2007, qualify as "regularly transact[ing] business in person" for purposes of Rule 45 45(c)(3)(A)(ii).

### C. *Rule 45(c)(3)(A)(ii) Protects Warren from the Subpoena*

■ The plain language of Rule 45(c)(3)(A)(ii) is clear that unless a person is a party to the litigation or an officer of a party, he cannot be compelled to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person. As Warren is neither a party nor an officer of a party, Rule 45(c)(3)(A)(ii) protects

him from a subpoena that requires travel more than 100 miles from any place of regular business or residence.

Defendant argues, however, that Warren can be subpoenaed because he has an interest in the litigation. To demonstrate Warren's position as an interested person to the litigation, defendant points to Warren's payment of plaintiff's legal fees and agreement giving him a share of any damages award. In support, defendant cites the Second Circuit, which has explained that the "purpose of the 100 mile exception is to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *In re Edelman*, 295 F.3d 171, 178 (2d Cir.2002).

It is true that Warren has demonstrated an interest in the outcome of the case, but the plain language of Rule 45(c)(3)(A)(ii) nevertheless provides that those "not a party or an officer of a party"—without exception— fall under its protection. Accordingly, Rule 45(c)(3)(A)(ii) protects Warren, as a non-party, from a subpoena requiring travel of more than 100 miles from where he resides, is employed, or regularly transacts business in person.

### D. *Warren Did Not Regularly Transact Business in New York*

■ The second issue is whether Warren's business communications with persons in New York, as well as his five business trips to New York and Philadelphia within a two-year period qualify as regularly transacting business for purposes of the subpoena. Rule 45(c)(3) (A)(ii) specifies that one must be doing business "in person" in a given location. Therefore, business transactions that Warren conducted via telephone, email and fax between England, where his office is located, and New York does not demonstrate that New York is a place where he regularly transacts business.

Warren has also conducted business in person in New York and Philadelphia, which is within 100 miles of New York, on five different occasions. Rule 45, however, does not state with what regularity a person must transact business in a certain location to

amount to a place where one regularly transacts business. But traveling to an area within a 100–mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena. *Compare Bostian v. Suhor Industries, Inc.,* No. 07–151, 2007 WL 3005177, at *1 (N.D.Okla.2007) ("twice yearly visits to Oklahoma to conduct business ... [does] not qualify as regularly transacting business"); *and In re Application for Order Quashing Deposition Subpoenas,* No. M8–85, 2002 WL 1870084, at *3 (S.D.N.Y.2002) (a person who comes to New York for business four times within five years "does not 'regularly transact[ ] business in person' in New York to the extent contemplated by Rule 45(c)(3)(A)(ii)"); *and Regents of the University of California v. Kohne,* 166 F.R.D. 463, 465 (S.D.Cal.1996) (" 'regularity' does not mean ten times in seven years"); *with Halliburton Energy Services, Inc. v. M–I, LLC,* No. 06–53, 2006 WL 2663948, at *2 (S.D.Tex.2006) (business trips to Houston four times a year, staying approximately ten days each trip, for a period of ten years "clearly place[s a person] in the category of regularly transacting business in person").

Therefore, I conclude that Warren's infrequent visits do not qualify as regularly transacting business within the meaning of Rule 45(c)(3)(A)(ii), and as a result, he cannot be required to appear in New York for a deposition.

## CONCLUSION

For the reasons stated above, Warren and SNL's motion to quash is granted, without fees or costs. Plaintiff's motion for contempt, or in the alternative, to compel compliance, is denied, without fees or costs.

SO ORDERED.